HAMILTON, auditor of *Marion* county, *v.* THE STATE on the Relation of LANGSDALE.

The title of the mortgagor to land mortgaged by him to the commissioners of the sinking fund to secure a loan, and sold by them, vests in the purchaser, freed from all assessments and taxes made or levied between the date of the mortgage and the date of the deed.

*Friday,*
*June* 23.

APPEAL from the *Marion* Circuit Court.

SMITH, J.—This is a proceeding instituted to require the auditor of *Marion* county, to issue an order to the county treasurer, according to the provisions of section 117, of

chapter 12, of the R. S., to refund the money paid by Langsdale, as purchaser of a certain tract of land sold for state and county taxes. The land was mortgaged to the state in 1836 to secure a loan made by the commissioners of the sinking fund. On the 14th of *August*, 1845, by reason of the failure of the mortgagor to pay the interest due on said loan, it was offered for sale according to the terms of the mortgage, and was bid in for the benefit of the state. Immediately afterwards, it was sold by the commissioners of the sinking fund, on a credit of five years, to one *Pitts*. The taxes for which it was sold to *Langsdale* were assessed for the year 1845.

The only question presented is, whether the land was legally liable to be sold for these taxes. By an act approved *January* 13th, 1845, acts of 1845, p. 19, it is provided that, in all cases of sales heretofore made by the state through the commissioners of the sinking fund, of lands or lots bid in for the state, for a failure of mortgagors to said fund to pay the principal or interest on their loans, and in all cases of future sales of lands or lots bid in for the state, and in all cases of sales heretofore made or hereafter to be made upon foreclosure of mortgages to said fund, when payment of the purchase money shall have been or may be made, the purchaser shall receive a deed or patent, which shall vest in him and his heirs all the title which the mortgagors had in such lands or lots, "freed and discharged from all taxes and assessments made or levied for any purpose whatever, between the date of said mortgage and the date of such deed or patent." This statute was in force when the land in question was sold to *Pitts*. It does not, in express terms, exempt such lands from taxation, but upon any reasonable construction we can give to it, it does so in effect. As the sale made to *Pitts* is clearly one of those sales embraced in the act, he will be entitled, upon payment of the purchase money, according to his contract, to a deed or patent for the land, freed and discharged from all taxes which have been assessed upon it since the date of the mortgage. Such a deed or patent could not

May Term, 1848.

be made to him, if, in the meantime, there had been a valid sale to a third person for such taxes. The judgment of the Circuit Court must, therefore, be affirmed.

*Per Curiam.*—The judgment is affirmed with costs, &c.

*O. H. Smith*, for the appellant.

*J. Morrison* and *S. Major*, for the appellee.