GROOM, Auditor of Tipton County, *v.* THE STATE, on the relation of BOWLIN.

SINKING FUND SALES—TAXES.—Where lands mortgaged to the Sinking Fund are offered for sale for the non-payment of the mortgage debt, and are bid in for the State, and subsequently sold, the purchaser is entitled to take the lands freed from all assessments and taxes made or levied between the date of the mortgage and the date of his deed from the State. But where the lands are not bid in for the State, but are taken by a purchaser at the first offer, they remain subject to such assessments and taxes.

APPEAL from the *Tipton* Common Pleas.

ABSTRACT.

The transcript discloses that on the 6th day of *May,* 1864, the appellee filed in the clerk's office of the Court of Common Pleas of *Tipton* county, her complaint, on the relation of *Christopher C. Bowlin,* averring and alleging that on the 8th day of *May,* 1858, one *Sylvester Turpin* mortgaged to the Sinking Fund the parcels of land in the complaint particularly described, containing some ninety-nine acres, and that, on the 18th day of *February,* 1864, said lands were sold by the Sinking Fund to one *T. W. Phillips,* and a deed made to *Phillips* therefor; that prior thereto, on the 5th day of *February,* 1862, said lands were sold by the auditor of *Tipton* county, and bid in by the relator, for the amount due for state and local taxes for the years 1858, 1859, 1860 and 1861, all of said taxes being levied and collected during the time said lands were under mortgage to the Sinking Fund, and being, as is averred, illegally assessed and collected. The complaint further avers a demand by the relator, on the appellant, to issue his warrant on the treasurer of *Tipton* county, for the aforesaid sum of money, so paid over by the relator, with interest, which, it is averred, appellant refused to do, and a writ of *mandamus* is prayed against appellant, as such auditor, to compel him to issue his warrant to the treasurer.

Appellant filed his demurrer, alleging for cause that the complaint did not state facts sufficient to constitute a cause of action. The court overruled the demurrer, and appellant failing and refusing to plead over, judgment was rendered in favor of the relator, and that the relator was entitled to an order for the sum so paid, and it was ordered and adjudged that appellant, as auditor of *Tipton* county, issue his order on said treasurer, in favor of the relator, for the aforesaid sum of money.

RAY, J.—The act "To amend the several acts for the loaning and collecting of the Sinking Fund, and for other purposes," approved *January* 13, 1845, provides that "in cases of future sales of lands and lots *bid in for the State*, and in all cases of sales heretofore made, or hereafter to be made, upon foreclosure of mortgages to said fund, a certificate of purchase, signed by the president of the board, or by any member thereof by order of the board, shall be deemed sufficient evidence of such purchase; and where full payment of the purchase money shall have been, or may be, made, it shall be lawful for the president of the board to execute and deliver to the purchaser, or purchasers, his, her or their heirs or assigns, in the name of the state, a patent, or deed, for such lands or lots, which shall vest in him, her or them, and in his, her or their heirs and assigns forever, all the right, title and interest which the mortgagor had in the lands or lots mortgaged, *and bid in* and sold, at the date of the mortgage, freed and discharged from all taxes and assessments made or levied for any purpose whatever, between the date of said mortgage and the date of said deed, or patent."

The repealing act of 1852 excepts "All laws relative to the Sinking Fund," and "all laws regulating the Sinking Fund." It is insisted by the appellees that under this act, the purchaser at the sinking fund sale was entitled to receive from the state a deed for the mortgaged property, "freed and discharged from all taxes and assessments made

or levied for any purpose whatever, between the date of said mortgage and the date of said deed or patent." A careful reading of the provisions of the act leads us to a different conclusion. The exemption, by the terms of the law, applies only to "lands or lots mortgaged, *and bid in* and sold." This language, in connection with the requirements of other provisions of the law, that the land should be first offered for sale, and should only be bid in by the State when a sum sufficient to pay the mortgage debt, interest and costs, was not tendered, clearly shows that neither by the letter nor the spirit of the act should such first offer of sale be regarded as intended to release the property then sold from the lien of taxes. It is only when such offer has been made subject to taxes, and a failure to sell has afforded *prima facie* evidence that the land is not worth both the mortgage debt, interest and costs, with the addition of the taxes assessed, that the State, electing to secure the trust fund rather than the taxes, which are due partly to herself, waives the lien of those taxes, and authorizes the property to be bid in for the State, and afterward offered for sale for the sum due upon the mortgage.

The case of *Hamilton, Auditor, &c.,* v. *Langsdale,* 1 Ind. 128, does not conflict with the construction we place upon the act. In the case cited, the land had been bid in for the State, and was subseqently sold to *Langsdale.* In the case at bar, the land was purchased at the sinking fund sale, and does not seem to have ever been bid in for the State. Had it been otherwise, the purchaser, having acquired his title by purchase at tax sale two years before the Sinking Fund Commissioners offered the land under the mortgage, might, perhaps, have been required, if he desired to perfect his title, to pay off the mortgage debt and release the property, and assert his tax title to the land. The present state of the pleadings does not require us to decide this point. The demurrer should have been sustained to the complaint.

The judgment is reversed, and the cause remanded for further proceedings in accordance with this opinion.

*G. W. Lowly* and *N. R. Overman*, for appellant.

*J. Green*, for appellee.