The State, *ex rel.* Wasson, Auditor, *v.* Jones *et al.*

Filed April 25, 1884.

---

No. 11,262.

THE STATE, EX REL. WASSON, AUDITOR, *v.* JONES ET AL.

TAXES.—*Sale and Deed.*—*Title of Grantee.*—*State's Liens or Incumbrances.*— *School-Fund Mortgage.*—The purchaser and grantee of real estate, under a tax sale and deed, takes his title to such real estate under the provisions of section 6479, R. S. 1881, subject to all the claims which the State may have thereon for taxes, or other liens or incumbrances, such as a mortgage executed thereon to the State, as a security for the payment of a loan of its school fund, prior to such tax sale and the execution of such tax deed. This is so, although the taxes, for which the real estate was sold, had been assessed and delinquent long before the execution of such school-fund mortgage.

From the Montgomery Circuit Court.

The State, *ex rel.* Wasson, Auditor, *v.* Jones *et al.*

*G. D. Hurley* and *B. Crane,* for appellant.

*M. Thompson, W. B. Herod* and *W. H. Thompson,* for appellees.

Howk, C. J.—This suit was brought by the State of Indiana, on the relation of the auditor of Montgomery county, to foreclose a certain mortgage executed by the appellee Jones on certain described real estate, in the city of Crawfordsville, to secure a loan from the sinking fund evidenced by his promissory note, and to collect the debt secured thereby. The appellee Jesse B. McCallister held a tax title to the mortgaged real estate, and, on that ground, was made a defendant to the action. The cause was put at issue and tried by the court, and at the request of the appellant, the court made a special finding of facts and stated its conclusions of law thereon. The appellant excepted to the fifth conclusion of law, and the court rendered judgment in accordance therewith.

A number of errors are assigned by the appellant in this court, but the questions for our decision are fairly presented, as well for the appellee as for the appellant, by the alleged error of the court in its fifth conclusion of law upon the facts specially found. Therefore, we shall consider the questions in the case, as presented by this latter error, merely premising that the only question in controversy in this court, and, also, in the trial court, is in regard to the relative priorities of the respective liens of the appellant and of the appellee Jesse B. McCallister, upon the mortgaged real estate.

The facts found by the court were substantially as follows:

"*First.* That on the 7th day of May, 1873, the defendant Thomas S. Jones made and executed the school-fund note and mortgage sued on in this action; and that such mortgage was duly recorded in the office of the recorder of Montgomery county, on the 7th day of May, 1873, in school-fund mortgage record No. 1, at page 329.

"*Second.* That the interest on said loan and mortgage was paid up to May 7th, 1874, and that the principal sum of said

mortgage, with the interest thereon from May 7th, 1874, at the rate of eight per cent. per annum up to this time, and two per cent. damages are now due and wholly unpaid, and the same amount to the sum of $228.15, which is collectible without relief from valuation or appraisement laws.

"*Third.* That on the 8th day of February, 1875, the defendant Jesse B. McCallister bid in and bought said lot No. 3, at a public sale held and had by William P. Herron, the then treasurer of Montgomery county, within the hours prescribed by law, at the court-house door, in the city of Crawfordsville, in said county, for the sum of $37.96, the said sum being the amount of taxes, penalty and costs due on said lot No. 3 for the years 1873 and 1874, and previous years; and that, on said 8th day of February, 1875, said McCallister paid said sum to said treasurer, and obtained from James H. Wasson, auditor of said county, a certificate of purchase of said lot at said tax sale.

"*Fourth.* That the taxes for which said lot was so sold, were the taxes, State and county, for the years 1869, 1870, 1871, 1872, 1873 and 1874; and that the taxes and penalty for the year 1874 amounted to the sum of $2.42 at the time of said sale.

"*Fifth.* That the board of commissioners did not make any tax levy for the years 1871, 1872 and 1873, or either of them, and its records do not show any levy for either of said years, but that the taxes for said years, together with the taxes for the years 1869 and 1870, were actually charged against said lot upon the proper tax duplicate, and were regularly returned delinquent for each of said years, and were finally carried forward upon the tax-duplicate for the year 1874, and that such delinquent taxes, together with the interest, penalties and charges thereon, for the years previous to 1874, amounted to the sum of $35.54 at the date of said tax sale. -

"*Sixth.* That on the 12th day of September, 1881, said McCallister obtained a tax deed for said lot No. 3, executed to him by James H. Wasson, the then auditor of said county,

upon-the said certificate of tax sale, executed to said McCallister by said James H. Wasson."

Upon the foregoing facts the court stated the following conclusions of law:

" 1st. For the plaintiff, and its damages are assessed against the defendant Jones at the sum of $228.15.

" 2d. The plaintiff is entitled to a decree foreclosing its mortgage upon said lot No. 3 against both said defendants.

" 3d. And the court also finds for the cross complainant McCallister, upon his cross complaint, for the sum of $69.87.

" 4th. That he is entitled to a lien upon said lot No. 3 for said sum of $69.87.

" 5th. That of said sum of $69.87, the sum of $65.72 (being the said sum of $35.54, with interest at 10 per cent. from February 8th, 1875), is a prior and superior lien upon said lot to the lien of plaintiff's mortgage; and the remainder thereof, to wit, the sum of $4.84 (being the sum of $2.42, with the interest thereon at 10 per cent. from February 8th, 1875), is a junior lien to that of plaintiff's mortgage, and is subject thereto."

The record of this cause, and the appellant's assignment of errors thereon, present for our decision this single question: Did the appellee McCallister, in his purchase of the mortgaged lot at the sale thereof for delinquent taxes, or by his subsequent acceptance of a tax deed of such lot, acquire any title to, or interest in, or lien upon the lot, which can be said to be prior or superior, either in law or in equity, to the lien of the State thereon under and by force of its school-fund mortgage? We are of opinion, that this question must be answered in the negative.

It will be observed, that the mortgage to the State for the use of its school fund was executed upon the lot by the appellee Jones, and was duly recorded in the proper recorder's office, nearly two years prior to the sale of such lot for delinquent taxes to the appellee McCallister, and more than eight years before he obtained his tax deed thereof, in pur-

suance of such sale.  At the time of his purchase of the lot
for taxes, and at the time he obtained his tax deed thereof,
the appellee McCallister knew, or had the means of know-
ing, and, therefore, was bound to know, that the State had
another lien upon such lot, as security for the loan of its school
fund, and that, under the statute, the sale and conveyance of
the lot to him for taxes were expressly subject to the lien of
the State thereon, as a security for the payment of its school
fund loan.  Thus, in section 222 of the tax law of Decem-
ber 21st, 1872, in force at the time of the tax sale of the lot,
and in section 6479, R. S. 1881, in force at the time of the
execution of the tax deed in pursuance of such sale, it was
and is provided that the title or estate, acquired by the pur-
chaser at such sale or the grantee in such deed, in or to the
lot sold, shall be " subject, however, to all the claims which
the State may have thereon for taxes, or other liens or incum-
brances."  1 R. S. 1876, p. 122.  In *Reid* v. *State, ex rel.*, 74
Ind. 252, it was substantially held by this court, and correctly
so, that an auditor's tax deed, made in consummation of a sale
of real estate for taxes, can not bar or preclude the sover-
eign State from asserting and maintaining any existing claim
or right to, or lien upon, such real estate in favor of the
State.  And further, it was held that in no event could such
a tax deed work or operate as an estoppel against the State ;
for to hold otherwise would be fraught with danger to the
public interests, and would render the enforced collection of
taxes on private property, in which the State may have an
interest as mortgagee or otherwise, almost or quite imprac-
ticable.

We are of opinion, therefore, that upon the facts specially
found, the trial court clearly erred in holding, as it did, in
its *fifth* conclusion of law, that any part of McCallister's
claim and lien, under his tax deed, was prior and superior
in law or equity to the lien of the State upon Jones's lot,
under and by reason of its school-fund mortgage.  Whether
or not, upon the facts specially found by the court, McCal-

lister had any valid, legal or equitable lien upon Jones's lot, under the tax sale and deed, is a question not presented here, and, therefore, it is neither considered nor decided.

The judgment is reversed with costs, and the cause is remanded with instructions to the court to set aside its *fifth* conclusion of law, and to state in lieu thereof that McCallister's claim and lien are subject and inferior, in law and equity, to the lien of the State, under its school-fund mortgage, and render judgment accordingly.

Filed April 23, 1884.