Filed Jan. 7, 1886.

---

No. 12,315.

## MILLIKAN v. HAM ET AL.

TAXES.—*Lien for City Tax Paid by Purchaser.*—Where one who has purchased real estate at a tax sale for non-payment of State and county taxes, afterwards pays the city tax on such property, he may, in a suit to quiet title, have the same allowed and decreed a lien on the real estate as part of the original claim for the purchase-price.

From the Madison Circuit Court.

*C. L. Henry* and *H. C. Ryan,* for appellant.

*M. A. Chipman,* for appellees.

HOWK, J.—In their brief of this cause, appellant's learned counsel request this court to decide the following question, namely: "Can one who has purchased real estate at a tax sale for non-payment of State and county taxes, afterwards pay the city tax, and, in a suit to quiet title, have the same allowed and decreed a lien on the real estate as part of the original claim for purchase-price?"

This question seems to be fairly presented for decision by the record of this cause and the error assigned by appellant upon the overruling of his motion for a new trial. It appears from the record of this cause, that, on the 9th day of February, 1880, at a public sale by the treasurer of Madison county of lands and lots therein returned delinquent for the non-payment of State and county taxes previously assessed thereon, the appellant became the purchaser of the real estate described in his complaint, and situate within the corporate limits of the city of Anderson in such county, and

listed and taxed in the name of the appellee, Mahala Ham, for the sum of $57.12, the amount of delinquent and current taxes, penalties and costs, then due and owing on such real estate; and that, on the same day, upon his payment of such sum of money, the treasurer of Madison county executed to appellant a certificate of his purchase of such real estate. It further appears that, on the 12th day of June, 1882, more than two years having elapsed, and such real estate not having been redeemed from such tax sale thereof, the auditor of Madison county executed to the appellant a tax deed of such real estate, which deed he still held when he commenced this suit. It is claimed by appellant that, to protect his interest in such real estate under his said purchase thereof, he had paid all the taxes that had accrued and accumulated thereon, including the sum of $69.79, paid by him on the 6th day of March, 1882, which had been assessed on such real estate by the proper authorities of the city of Anderson, for municipal purposes.

Appellant's complaint contained two paragraphs. In the first paragraph, he stated the foregoing facts in relation to his purchase of Mahala Ham's real estate, at a tax sale thereof for delinquent State and county taxes, and to his payments of all the taxes that had accrued thereon, including such city taxes, and also some other facts which have no bearing on the question we are required to decide, and which we need not further notice. Admitting the insufficiency of his tax deed to convey to him the title to the real estate described therein, the appellant asked the court, in the first paragraph of his complaint, to ascertain upon final hearing the full amount due him on such real estate for all taxes thereon, including such city taxes, penalties, interest and costs, to decree such amount to be a lien on the real estate, and to foreclose such lien, etc. The second paragraph was an ordinary complaint by the appellant to quiet his title to the same real estate.

The cause having been put at issue, the court upon final

hearing found for the appellant for the amount paid by him in the purchase of the real estate at the tax sale thereof, and for the amount of State and county taxes subsequently paid by him, and rendered its judgment and decree accordingly. Appellant's motion for a new trial or hearing having been overruled, he has appealed to this court. A bill of exceptions, containing the evidence and the rulings of the court in the exclusion of offered evidence, is properly in the record.

It is shown by the bill of exceptions, that when the appellant offered to prove his payment of the taxes assessed by the city of Anderson upon the real estate in controversy, for municipal purposes, in the sum of $69.79, every offer of such evidence, oral or written, was objected to by the appellees, upon the grounds of irrelevancy, incompetency and immateriality; and that these objections were sustained and the evidence excluded by the court in every instance. These grounds of objection are so general and uncertain that it is difficult, if not impossible, to determine therefrom why the court excluded the offered evidence. In his brief of this cause, however, the appellees' counsel has attempted to sustain the rulings of the circuit court in the exclusion of the offered evidence, upon the ground chiefly that, "in the absence of a statute, the payment of appellees' taxes by appellant, without a request (and none is averred or claimed), would be a voluntary payment and could not be recovered." The chief difficulty with this position of counsel, as it seems to us, is that here there is no "absence of a statute."

In section 229 of the tax law of December 21st, 1872, which was in force at the time of the tax sale to the appellant, and which section was literally re-enacted as section 219 of the tax law of March 29th, 1881, and is now in force as re-enacted as section 6488, R. S. 1881, it was and is provided as follows:

" If any conveyance for taxes shall prove to be invalid and ineffectual to convey title because the description is insufficient, or for any other cause than the first two enumerated in

the preceding section, the lien which the State has on such lands shall be transferred to and vested in the grantee, his heirs and assigns, who shall be entitled to recover from the owner of such land the amount of taxes, interest, and penalty, legally due thereon at the time of sale, with interest, together with the amount of all subsequent taxes paid, with interest; and such lands shall be bound for the payment thereof." See, also, section 6497, R. S. 1881.

The provisions quoted of section 6488 are certainly broad and comprehensive enough to include taxes assessed by incorporated cities for municipal purposes. It is contended, however, by appellees' counsel, that this section of the statute can not be held to include city taxes, because it provides for the transfer of the State's lien to the grantee in the tax deed, and the State has no lien for city taxes. This contention can not be sustained, we think, because the transfer of the State's lien is effected only by and through the tax deed, and is vested in the grantee as a security for the amount legally due at the time of the sale; while, as to the "amount of all subsequent taxes paid, with interest," the statute declares that the lands shall be bound for the payment thereof. The phrase "all subsequent taxes paid," in the statute, construed with reference to its context, means all taxes paid subsequently to the tax sale, whether assessed before or after the sale. In section 3263, R. S. 1881, it is provided that "Hereafter all general laws of the State for the uniform assessment and collection of taxes, and matters connected therewith or growing out of the same, shall apply to all incorporated cities and towns not having special charters, so far as the same shall be applicable." We are of opinion that the sections of the general tax law above cited can and ought to be so construed as to enable any one who has acquired a lien on lands, under their provisions, to enforce the collection of the full amount of all taxes subsequently paid by him, whether State, county or city taxes, from the lands "bound for the payment thereof." This is not a forced construction of the language used in those sec-

tions, and it is in perfect harmony with what we regard as the intention of the Legislature in their enactment. The purpose of the legislation was two-fold : 1. To secure the purchaser of land at a tax sale, if his title should prove invalid, in the repayment of his money ; and, 2. To encourage him in the payment of all other taxes which had been or might be assessed on such land, by declaring that the land should be bound for the payment thereof. Manifestly, this two-fold purpose of the legislation would be best subserved by the construction we have given to those sections of the statute.

The view we have taken of the question under consideration is supported, we think, by the recent case of *Justice* v. *City of Logansport*, 101 Ind. 326. It was there held, substantially, that taxes levied by incorporated cities for municipal purposes are, in effect, levied by the State, and are not inferior in rank, dignity or priority to taxes levied for State or county purposes. For these reasons it was also held that a sale of land for State and county taxes would not divest the lien thereon of city taxes.

From what we have said it follows of necessity that the question propounded by appellant's counsel, and stated in the outset of this opinion, must be answered in the affirmative. Upon the facts of this case, as they appear in the record and are herein stated, appellant was entitled to a decree for the amount of city taxes paid by him, with interest, and, in default of payment, for the sale of the land bound for the payment thereof. The court erred, we think, in excluding the several items of evidence offered by appellant tending to prove his payment of the city taxes, and, for these errors of law, his motion for a new trial ought to have been sustained.

The judgment is reversed, with costs, and the cause is remanded, with instructions to sustain the motion for a new trial, and for further proceedings in accordance with this opinion.

Filed Jan. 6, 1886.