Filed Jan. 10, 1890.

———◆———

No. 13,665.

## THE CITY OF LOGANSPORT v. McCONNELL ET AL.

TAXES.—*School Fund Mortgage.*—*Foreclosure.*—*Divesting Tax Lien.*—Where a mortgage to secure a school fund loan is assumed by the purchasers of the real estate, the mortgagors to whom the loan was made do not, by a subsequent purchase of the real estate sold by the auditor to satisfy the mortgage, take the property divested of liens for taxes asserted by the city in which the property is situated.

SAME.—*Double Assessment.*—*Relief from.*—*When Can be Had.*—*Tender.*—In such case the mortgagors can not have relief from a double assessment of taxes until they make a tender of the taxes legally assessed.

From the Cass Circuit Court.

*J. C. Nelson* and *Q. A. Myers*, for appellant.

*D. B. McConnell, S. T. McConnell* and *H. C. Thornton*, for appellees.

ELLIOTT, J.—The complaint describes a parcel of real estate situated in the city of Logansport, and avers that the appellees are the owners of it in fee simple. The title is alleged to have been acquired by virtue of a sale made upon a school fund mortgage, and the complaint assumes to specifically set forth the proceedings. It is alleged that a sale was made upon a mortgage executed by the plaintiff and subsequently assumed by Hiram E. Leonard and wife; that the

sale was made by the auditor ; that for more than two years the mortgagor had failed to pay the principal of the mortgage debt, which was past due ; that the interest for that period was unpaid ; the sale was made by the auditor " after due and timely notice given as required by law ;" the sale was made at public auction, at the door of the court-house in Cass county ; that the plaintiffs were the highest bidders, and paid in full the amount of their bid, and the auditor executed to them a deed of conveyance. It is also alleged that the assumption of the mortgage by Leonard was part of the consideration agreed to be paid by him at the time he bought the real estate of the plaintiff; that the auditor agreed to continue the loan secured by the mortgage as a loan to Leonard, and that Leonard agreed to pay interest at the rate of eight per cent. per annum, which was an increase of one per centum over the rate paid by the plaintiffs.

The appellants are right in asserting that the specific averments in a complaint control a general statement, and that where the facts specifically stated as constituting title show that there is no title, the pleading is bad on demurrer. *Reynolds* v. *Copeland,* 71 Ind. 422 ; *Keepfer* v. *Force,* 86 Ind. 81 ; *Ragsdale* v. *Mitchell,* 97 Ind. 458 ; *Spencer* v. *McGonagle,* 107 Ind. 410 ; *Wright* v. *McPheeters,* 110 Ind. 519. But, while we agree with appellants as to the rule, we can not agree that they make a just application of it, for all the facts essential to create title are pleaded, although, perhaps, not with commendable precision. If it were conceded that the allegations are uncertain, it would by no means follow that the demurrer was improperly overruled, for the remedy for uncertainty, except in cases where the uncertainty is so manifest that no cause of action can be inferred, is by motion.

In addition to the allegations of which we have spoken the complaint contains the following: The city asserts a lien for taxes for the years 1877, 1878 and 1879, and for the latter year the real estate was twice assessed, once in the name

of Hiram B. Leonard and once in the name of Harriet G. McConnell. These allegations, taken in connection with those which precede them, present the principal question in the case, which is, whether the sale on the school fund mortgage divests the property in the hands of the appellees of the tax liens?

There is some confusion in the decisions upon the subject of the effect upon tax liens of a sale on a school fund mortgage. *Hamilton* v. *State, ex rel.*, 1 Ind. 128; *Groom* v. *State, ex rel.*, 24 Ind. 255; *Stockwell* v. *State*, 101 Ind. 1; *State* v. *Jones*, 95 Ind. 175.

There is absent from the decided cases an important element which is here present, and that element is this: the parties who assert a right superior to that of the city are the mortgagors to whom the loan was made. This element is an influential one. It is quite clear that if the sale to Leonard had not been made, and payment of the mortgage assumed by him, the mortgagors could not have acquired a right superior to that of the city for taxes. We can not conceive any valid reason why the rule does not operate notwithstanding the assumption of the mortgage by Leonard. The utmost effect that can be assigned the transaction between Leonard and the appellees is that the former became the principal and the latter became the sureties, for the payment of the mortgage debt. *Figart* v. *Halderman*, 75 Ind. 564; *Ellis* v. *Johnson*, 96 Ind. 377. It is, indeed, exceedingly doubtful whether so much can be conceded to the appellees, for the auditor had no authority to take payment of the mortgage in anything else than money, and he had no authority to substitute one debtor for another except by cancelling the mortgage and taking another according to law. That officer exercises a naked statutory authority, and he can only bind the county or the State when he does what the law requires and in the mode prescribed. He is not an ordinary agent, but a public officer, with powers and duties defined and limited by law. *Union School Tp.* v. *First Nat'l Bank, etc.*, 102

Ind. 464. But, conceding that the auditor's assent to the assumption bound the State or county, still, the appellees were not released from the obligation created by the mortgage executed by them, for the mortgage was neither released nor satisfied. The mortgage continued in full force under the most favorable view for the appellees that can possibly be taken, and they remained bound by it. All that the contract of assumption effected was to constitute the person who assumed the mortgage the principal debtor; in no event could it have greater force than this, so that the appellees still remained mortgagors, with all the obligations and duties resting upon them that the law and the contract impose upon persons occupying that position.

There can be no doubt that it was the duty of the appellees as mortgagors to keep down the taxes. Having failed to do what they were bound to do, they are not in a position to profit by their purchase. As to them the taxes were a lien, which it was their duty to have discharged, and nothing has been done which relieves them from that duty.

The taxes were levied by the city in the exercise of governmental functions, and the taxes levied by them are in force and dignity equal to those levied by the State or county. The authority to levy taxes is an attribute of the sovereign power, and as such is exercised by municipal corporations, because it is delegated to them by the Legislature. But it is not necessary to discuss this phase of the question, for the authorities are decisively against the appellees. *Justice* v. *City of Logansport,* 101 Ind. 326.

The appellees have a right to complain of the double assessment for the year 1879, but they can not have relief until they do equity by making a tender of the taxes legally assessed against the property. *Morrison* v. *Jacoby,* 114 Ind. 84. One who shows that some of the taxes he seeks to avoid are legal can not have relief without making the proper tender.

Judgment reversed.

Filed Jan. 10, 1890.