McWhinney *v.* The City of Logansport.

Filed May 19, 1892.

---

No. 15,654.

McWHINNEY *v.* THE CITY OF LOGANSPORT.

TAXES.—*Recovery of Amount Paid.—School Mortgage.—Priority of Lien.*— Land on which the owner has placed a mortgage in favor of the State, securing the payment of school funds, is as much liable to taxation as any other land, and one buying it at a tax sale within the year for redemption from a sale on foreclosure of the mortgage can not recover the amount paid for taxes. The school mortgage was at most but a prior lien to the city taxes. The purchaser at tax sale was bound to take notice of the school mortgage and the decree of foreclosure, both being a matter of public record. He must be held to have purchased with full knowledge of the existence of the school mortgage, the foreclosure and sale, and to have purchased subject to said lien. Section 6487, R. S. 1881, and Acts of 1883, p. 95. Section 1, specifying in what cases taxes paid can be recovered, does not apply to the cases at bar

McWhinney *v.* The City of Logansport.

SAME.—*Description of Land.—What is Sufficient.*—If the description of the land on which taxes have been paid is such as that it can be identified as the property owned by the person, and liable to taxation at the time of the assessment, it is sufficient.

SAME.—*Voluntary Payment of.—Mistake of Law.*—Where taxes are voluntarily paid, with full knowledge of the facts, they can not be recovered. A mistake as to the law will avail nothing in such a case.

From the Cass Circuit Court.

*J. T. Lecklider, S. T. McConnell* and *A. G. Jenkins,* for appellant.

*T. J. Tuley,* for appellee.

OLDS, J.—On the 12th day of October, 1873, one Newton. H. Cain and Eveline Cain, his wife, executed to the State of Indiana a school fund mortgage on certain real estate situate in the city of Logansport, Cass county, Indiana, securing the payment of $650, with interest at eight per cent. The school fund mortgage was duly foreclosed in the Cass Circuit Court, and the real estate duly sold on the decree of foreclosure and bid off by the auditor of said county in the name of the State, on the 21st day of January, 1882, for the sum of $1,150, the full amount due; and afterwards, on the 28th day of February, 1883, a deed was issued by the sheriff of said county to the auditor of said county.

On the 23d day of August, 1883, the auditor of said county resold said land for $1,000.

On the 7th day of March, 1882, the city of Logansport sold said lands to one Solomon Jones for taxes for $219.23, and he received a tax certificate as evidence of his purchase, which amount he paid into the city treasury. Said tax sale was for the taxes duly and legally assessed against said property for the years 1874–1881, inclusive, and which were delinquent. Subsequent to the purchase at tax sale said Jones, for a valuable consideration, sold and assigned his tax certificate to the appellant herein, who, on the 1st day of February, 1884, paid to the city $19.62 taxes claimed to be due on said real estate. The appellant brings this suit

against the city to recover back the amount paid at the tax sale and the subsequent taxes paid. Issues were joined and there was a trial, resulting in a finding and judgment for the appellee. The only error discussed is the overruling of appellant's motion for a new trial.

It is contended by counsel for appellant that the land was not liable for taxation by the city for the reasons stated in section 6487, R. S. 1881, also Acts of 1883, p. 95, section 1; that these sections mean that if the title or lien fails in the purchaser the money paid by the purchaser shall be refunded.

We can not agree with the theory of counsel. The real estate was clearly liable for the taxes assessed against it for the years for which taxes were assessed and upon which the sale was made by the city. At the time the city sold the land for taxes the year for redemption from the sale on the decree of foreclosure on the school mortgage had not expired, and it was at most but a prior lien to the city taxes. The purchaser at tax sale was bound to take notice of the school mortgage and the decree of foreclosure, both being a matter of public record, so that the purchaser must be held to have purchased with full knowledge of the existence of the school mortgage, the foreclosure and sale, and he purchased subject to such lien. *State, ex rel.*, v. *Jones*, 95 Ind. 175; *City of Logansport* v. *McConnell*, 121 Ind. 416.

The sections of the statute referred to by counsel have been construed by this court in the *City of Logansport* v. *Case*, 124 Ind. 254.

There are but four cases where the tax paid can be recovered back: *First.* When the land sold was not liable to taxation. *Second.* When the taxes have been paid. *Third.* When the description of the land is so imperfect as to fail to identify the land, and, *Fourth.* When the sale is made without authority of law; that is, a sale without the scope and purview of the law, and not an erroneous sale, in the language of the statute itself a sale "without authority of law."

McWhinney v. The City of Logansport.

Land on which the owner has placed a mortgage in favor of the State, securing the payment of school funds, is as much liable to taxation as any other land. It would be a strange doctrine to hold that the owner of land could avoid taxation of such land by placing a school mortgage upon it. The land was liable to taxation, and it is not contended that the taxes had been paid at the time of the sale, nor was the description so defective as to fail to describe the land with reasonable certainty. There was an answer filed setting out a proper description, and alleging facts showing the description sufficient to identify the land assessed to be the land of Cain. If the description is such as that it can be identified as the property owned by the person, and liable to taxation at the time of the assessment, it is sufficient. There is not the same strictness required in descriptions of real estate for taxation and in tax sales as is required for other purposes. The descriptions are necessarily abbreviated. *Cooper* v. *Jackson*, 99 Ind. 566. As to the amount of tax subsequently paid, it was paid with full knowledge of the facts, and was a voluntary payment, but it does not appear for what year the amount was assessed. The city was claiming the tax, and the appellant voluntarily paid it. He had full knowledge of the facts, and if he was mistaken as to the law it will avail him nothing. It is a voluntary payment and can not be recovered. One can not voluntarily pay a tax under such circumstances, and then sue and recover it back. For aught that appears in the brief of counsel, or pointed out in the record, the tax was legally assessed against the land and for which the land was liable. *Worley* v. *Moore*, 77 Ind. 567; *Butt* v. *Jennings School Tp.*, 81 Ind. 69; *Hines* v. *Board, etc.*, 93 Ind. 266; *Board, etc.*, v. *Armstrong*, 91 Ind. 528, and authorities there cited.

There is no error in the record.

Judgment affirmed, with costs.

Filed May 18, 1892; petition for a rehearing overruled June 11, 1892.