## ST. CLAIR v. JONES ET AL.

[No. 8,502. Filed March 23, 1915.]

1. TAXATION.—*Municipal Taxes.—State and County Taxes.—Superiority of Liens.*—Taxes levied for municipal purposes are not inferior in rank to those levied for State and county purposes, so that the question of the superiority of the liens of rival claimants is not affected by the fact that the lien of one rests upon a purchase at a sale for delinquent city taxes while that of the other is based upon a sale for delinquency in taxes levied for county and State purposes. p. 283.

2. TAXATION. —*Lien for Taxes. — Statutes. — Municipal Taxes.— State and County Taxes.*—The language of §10343 Burns 1914, Acts 1909 p. 158, relative to the lien of the State for taxes merely declares the lien to be perpetual, without any reference whatever to priority, and is to be understood as providing that when the lien for taxes once attaches to the lands sold, it fol-

St. Clair *v.* Jones—58 Ind. App. 280.

lows the land although the title to the land is subsequently alienated by the owner thereof; and the rule announced by the courts in construing the statute, that where property is not of sufficient value to pay both city and county taxes, the sale first rightfully made divests the lien of the other governmental corporation refers to sales for taxes levied by the two distinct governmental corporations for the same given year or years and not to sales of different years for taxes of different years.  p. 284.

3. TAXATION.—*Sales Ineffectual to Convey Title.—Liens for Taxes. —Priority.*—Under §§10393, 10394 Burns 1914, Acts 1901 p. 336, where a sale for delinquent taxes is ineffectual to convey title, the court in an action by the purchaser to quiet title will not dismiss, but will order the land sold to pay the amount due the plaintiff for taxes, interest and penalties; hence in view of the fact that there is no legislative provision for priority of one tax lien over another, equitable principles must be applied in determining the rights of purchasers at two different tax sales, neither of which was effectual to convey title, and since taxes though levied by different governmental subdivisions are of equal rank and the taxes for any one year can not be said to have precedence over the taxes for any subsequent or former year, the liens of the respective claimants should be declared equal in priority and the land should be ordered sold, and the proceeds divided in the ratio and proportion of the specific amounts found to be due to each claimant.  p. 285.

4. TAXATION.—*Liens for Taxes.—Legislative Power.*—The legislature has the power to declare a lien for taxes to be a perpetual lien on the property sold to obtain the necessary revenues, and to declare what taxes shall constitute a paramount lien. p. 287.

From Superior Court of Madison County; *Byron McMahan,* Special Judge.

Action by Ella St. Clair against Thomas M. Jones and others.  From the judgment rendered, the plaintiff appeals. *Affirmed.*

*Willis S. Ellis* and *Alfred Ellison,* for appellant.
*Francis A. Walker,* for appellee.

IBACH, J.—On February 14, 1898, Henry St. Clair purchased at a delinquent tax sale a lot in the city of Elwood. The sale was for the city taxes which had been levied for the years 1894 to 1897.   The owner, Thomas M. Jones, failed

to redeem from this sale, and a deed was issued to the purchaser on March 5, 1900, and recorded on March 20, 1900. The purchaser died shortly thereafter, leaving appellant as his sole heir. After the sale the ·purchaser and appellant continued to pay the city taxes and after February 8, 1902, paid the county and State taxes also, as the same accrued against the lot from time to time until the bringing of this suit. After the sale appellant made some improvements on the property and paid for insurance thereon and collected rents. Appellant brought this suit against all the appellees, asking in one paragraph of her complaint that the title to the lot be quieted in her by virtue of her tax title deed, and in a second paragraph she sought a foreclosure of a lien for the taxes paid both before and after the deed, and to recover for the amounts paid for improvements and insurance, and that such lien be declared to be superior to all other liens.

Appellee Thomas B. Millikan filed answers which we are not required to consider, and a cross-complaint declaring that he had purchased the same lot at a delinquent tax sale for State and county taxes for the years 1893 and 1894, and that a deed had been issued to him by the county auditor on July 27, 1897, which was duly recorded, and that he continued to pay State and county taxes until February 8, 1902, and asked to have his tax lien enforced and declared ·a first lien against the property for the taxes paid.

The trial court found that both deeds were ineffectual to convey title, but that appellant held a lien for the taxes paid, with penalty and interest, and that she should recover also for improvements made, and for the insurance with six per cent interest and after accounting for the rents collected together with six per cent interest thereon, found there was due her $299.02. There was also a finding for appellee on his cross-complaint in the sum of $249.97, which was a lien on the same lot, and that both liens were of equal priority. Judgments were rendered agreeable to the findings, and both deeds were set aside. Time was given the

St. Clair *v.* Jones—58 Ind. App. 280.

owner within which he was to redeem and in case there was no redemption, the land was ordered sold and the proceeds therefrom were to be divided in the ratio and proportion of the specific amounts as adjudged in favor of the parties respectively.

The disputes here all resolve themselves into the one question of the priority of one tax claim over another against the same real estate, but arising out of two separate and distinct sales by independent governmental corporations. Appellant's contention is that since the sale to her husband was in point of time subsequent to the date of appellee's deed and for later delinquent taxes, and since she thereafter paid all the taxes for all purposes levied against the lot from time to time her claim must be superior to that of appellee and especially is this so because the value of the lot as found by the court is less than the total sum of both claims. On the other hand, it is the theory of appellee that, since his lien for taxes attached to the lot at the time of the sale to him for delinquent State and county taxes, it thereby and at that time became a perpetual lien and such a one as could not be dislodged by subsequent sales for subsequent delinquent taxes where subsequent sales likewise failed to transfer title.

The fact that the original delinquent taxes paid by one party were city taxes and the other county and State taxes does not in any manner affect these respective contentions, for it has been held by our courts that taxes levied by a municipality for municipal purposes are in effect levied by the State, and are not inferior in rank to taxes levied for State and county purposes. *Millikan* v. *Ham* (1886), 104 Ind. 498, 4 N. E. 60, and cases there cited. So that neither of the parties to this suit occupies a position of advantage over the other, simply by reason of the character of the delinquent taxes for the collection of which the property was sold to him.

1. 

In the examination of the principal question here involved,

we have been unable to find a single case in this State which decides the precise question, and we are not cited to any from other jurisdictions, neither do we find any which lend much assistance. The statutes of this State bearing upon the general subject provide "that the lien of the State for all taxes * * * shall attach to all real estate on the first Monday of March annually, and such lien shall be perpetual for all taxes due from the owner thereof, which have heretofore accrued or shall hereafter accrue, with interest and penalties in each case until paid. Such lien shall in nowise be affected or destroyed by any sale or· transfer of any such real estate." §10343 Burns 1914, Acts 1909 p. 158. For a construction of this statute see *Justice* v. *City of Logansport* (1885), 101 Ind. 326; *City of Logansport* v. *McConnell* (1890), 121 Ind. 416, 23 N. E. 264. The language of the statute does nothing more than create a perpetual lien; it makes no reference whatever to priority. That portion of it which provides that the "lien shall in no wise be affected or destroyed by any sale or transfer of any such real estate," means that when the lien for taxes once attaches to the lands sold, it follows the lands, and continues to be a lien against them, although subsequently the title to such lands is alienated by the owner thereof. And the language used in the cases above cited, "Where the property is not of sufficient value to pay both city and county taxes, then the sale first rightfully made divests the lien of the other governmental corporation" refers to taxes of any given year. It certainly can have no reference to taxes for any subsequent year which have not been levied, and the amount to be levied is unknown. On the contrary, it refers to the taxes levied by two distinct governmental corporations for the same year or years, and not to sales of different years for taxes of different years.

Section 10394 Burns 1914, Acts 1901 p. 336, provides "If any conveyance made by the county auditor pursuant to a sale made for the nonpayment of taxes under this or

any former tax law, shall prove to be invalid and

3.  ineffectual to convey title  *  *  *,  the lien which the State had on such land for  *  *  *  all lawful purposes shall remain in full force and shall be transferred by such deed to the grantee and vested in him,  *  *  * who shall be entitled to recover  *  *  *  the amount of such legal taxes, interest  *  *  *  from the date of such sale, also the amount of all subsequent taxes paid with like interest and such claim shall be a lien upon such lands and the same shall be bound for the final payment thereof.'' So that a party holding a tax deed may enforce the same by an action to quiet title to the lands conveyed by his deed, but if in the trial of such action it should appear that the plaintiff's title for some cause is invalid, the case will not be dismissed, but the court will ascertain the amount due the plaintiff for taxes, interest and penalties and order the real estate sold to pay such sum. Such were the proceedings by both parties here, both the complaint and cross-complaint were cases in equity and upon equitable principles the case must be determined. The legislature by the enactment of all our revenue statutes intended that the lien for taxes should constitute a perpetual lien on the property sold to enable the State to receive therefrom its proper revenues, but there has been no provision made declaring that one party, in such instance as is now before us, shall have a lien prior to the other.

We are not dealing with rights acquired under tax deeds which are effectual to convey title, but we are considering the rights of parties holding nothing stronger than tax liens, and we know of no principles of equity which would permit us to announce that, under the facts disclosed by the record here, one should have a right prior to the other. It would, we believe, be extremely unwise to allow a later sale for taxes ineffectual to convey title and the taxes paid subsequent to sale to have priority over taxes included in a former

sale, likewise ineffectual to convey title, and subsequent taxes paid, by such purchaser.

This court, in discussing special assessment liens, holds that there is no priority between assessments of the same property for successive improvements, and in the discussion of that case it was said, "The statute in question refers to street improvement liens as a class, and, in effect, provides that such liens shall rank in extent or degree second only to that for taxes. It is silent on the question of priority as between holders of such liens. It is general, making such assessments due in equal annual instalments, and collectible by the same procedure and through the same agencies as taxes are collected. Such assessments are placed on the tax duplicate and charged against the several lots, tracts of land and parcels of ground, and in case of nonpayment when due are subject to the same penalties as delinquent taxes, and are collected in the same manner that delinquent taxes are collected. No one would claim that in the sale of property to satisfy delinquent taxes, the taxes for any one year have precedence over the taxes for any subsequent or former year." *Brownell Improv. Co.* v. *Nixon* (1911), 48 Ind. App. 195, 201, 92 N. E. 693, 95 N. E. 585. While it may be said that the last expression above quoted was not necessary to the determination of the case under consideration, yet the court used it as an example to support the proposition then under discussion, and it may be said to be some authority at least as to the priority of prior and subsequent tax assessments and the lien which may be acquired under sales for the recovery of delinquent taxes. We suggest that this is a safe construction to place upon the statute, at least. And in support of this reasoning, by analogy our Supreme Court has held that although the lien for State taxes is superior to the lien of a ditch assessment, yet the purchaser at a sale for State taxes will not take the land freed from the lien of such ditch assessment which had attached before the sale

and as to which the tax lien had not been foreclosed. *McCollum* v. *Uhl* (1891), 128 Ind. 304, 27 N. E. 152, 725.

It is urged, however, that the result reached is not in accord with a reasonable or sound public policy, that such a conclusion would prevent the State many times from collecting its revenues. If that position were conceded to be correct, the question then becomes one of legislative deliberation, and an intention to give one purchaser of real property at a subsequent delinquent tax sale in cases such as the present a prior lien on the lands should be declared by the lawmakers in terms suggestive, at least, of such intent. 4. The legislature has the power to declare a lien for taxes to be a perpetual lien on the property sold to obtain the necessary revenues, and it likewise has the power to declare what taxes should constitute a paramount lien. It is the duty of the courts merely to enforce the statutes as they are written and not to enlarge on the plain provisions and intents thereof. They have no power to legislate.

We believe the right result was reached by the trial court. Judgment affirmed.

NOTE.—Reported in 108 N. E. 256. As to what purposes the power of taxation may be asserted, for, see 2 Am. St. 94; 8 Am. St. 506; 16 Am. St. 365. Validity and construction of statute giving priority to lien for taxes, see Ann. Cas. 1913 B 520. See, also, under (1) 37 Cyc. 1143; (2) 37 Cyc. 1478; (3) 37 Cyc. 1534, 1143, 1537; (4) 37 Cyc. 1143; 8 Cyc. 1132.