DENIG (BURDELL v.). See Case No. 2,142.

---

## Case No. 3,787.

### DENIKE v. ROURKE.

[3 Biss. 39;[1] 3 Chi. Leg. News, 345.]

Circuit Court, N. D. Illinois. June Term, 1871.

SECOND TAX SALE—POSTPONES DEED—MUNICIPAL TAXES.

1. Under the statute of Illinois, if the purchaser at tax sale allows the land to be again sold, within two years, whether for the same class of taxes or for other taxes properly assessed, his right to a deed is postponed, and a deed obtained within the limitation from the second sale is void and inoperative.

2. Municipal taxes are levied under the same general authority as state and county taxes, and a sale by municipal authority is essentially a sale by state authority.

3. In claiming title under a tax deed, the purchaser, having served a notice upon the person in whose name the land was taxed, as required by section 4, art. 9, of the constitution of Illinois, must show affirmatively by proof that such person, at the time of such service, resided in the county where the land is situated.

4. Constitutional provisions for the protection of tax-payers must be strictly construed.

Ejectment for lot 6, of Mayer's subdivision of lots 1 and 4, in block 22, in the canal trustees' subdivision of the south fractional half of section 29, township 39, range 14, situated in Cook county, Illinois.

Homer Cook, for plaintiff.

Wm. B. Snowhook, for defendant.

BLODGETT, District Judge. Upon the trial the plaintiff exhibited a chain of title from the United States government to himself, such as, if no defense were interposed, clearly showed the fee simple in the property to be in the plaintiff as averred in his declaration. But the defendant, to defeat the plaintiff's right of recovery, claimed title under a tax deed executed by the sheriff of Cook county to P. W. Snowhook, and a deed from P. W. Snowhook to the defendant. Said tax deed was predicated upon a sale made by the collector of Cook county to said P. W. Snowhook on the 27th day of August, 1866, for the taxes of 1865. Defendant also showed the assessment of said taxes, a warrant for the collection thereof, return by the collector as delinquent, due notice of application for judgment against said lot for delinquent taxes, and judgment, the issue of precept, and sale in pursuance of said judgment, and also an affidavit filed by said P. W. Snowhook before

---

the issue of said deed, setting forth in substance that notice had been served on Hugh Maher, in whose name said lot was taxed for the year 1865, of the said purchase, and the time when the redemption would expire; also, that no person was in possession of said premises, and a publication of a notice, substantially the same as the one served on Maher, in the Chicago Post, for three successive publications, three months prior to the expiration of the time for redemption.

The plaintiff, for the purpose of defeating the tax title thus set up, adduced proof showing that said lot 6 was duly assessed for taxes by the municipal authorities of the city of Chicago, for the year 1866; that said taxes not being paid, said lot was sold for said taxes in March, 1867, whereby plaintiff insisted that the right of said Snowhook as purchaser at the tax sale in August, 1866, to a deed of said lot was postponed for two years; or, in other words, that the deed given by the sheriff to Snowhook, and introduced in testimony, was void, for the reason that Snowhook was not entitled to his deed at the time the same was issued.

The statutory provision relied upon by the plaintiff reads as follows: "If any purchaser of lands sold for taxes shall suffer the same to be again sold for taxes before the expiration of two years from the date of his or her purchase, such purchaser shall not be entitled to a deed for the land until the expiration of two years from the date of the second sale; during which time the land shall be subject to redemption upon the terms and conditions prescribed in this act, but the person redeeming shall only be required to pay, for the use of such first purchaser, the amount paid by him, and double the amount paid by the second purchaser." Act Feb. 12, 1853 (Sess. Laws, p. 956; Gross' St. 1870, p. 609).

It was contended, on the part of the defendant, that this provision only applies to tax sales made for state, county and town purposes, and that the purchaser at a tax sale was not postponed in his right to his deed by the sale of the land for taxes under municipal authority. But I am of opinion that it becomes, under this clause of the law, the duty of any purchaser of lands or lots at tax sales to see to it that they are not again sold within two years; and that in case the lands are so sold, whether for the same class of taxes or for other taxes, properly assessed, the right to the deed is postponed.

The evident purpose and object of the law was to make sure that all taxes would be paid during the time the purchaser's inchoate right to a deed was maturing, and it is as much his duty to see that the taxes levied by the municipal authority are paid, as to look for those levied directly for state and county purposes. Municipal taxes are levied by virtue of the same general authority which levies and enforces a payment of state and county taxes—the municipal authorities acting by virtue of the power delegated to them by the state government, and a sale by municipal authority is, therefore, essentially in all respects a sale by state authority. Upon this point then I am clear, that the defendant's deed was void and inoperative, and I should be obliged to find for the plaintiff; but on looking further into the papers I observe that the only notice which was served in this case as an attempt at compliance with the constitutional requirements found in section 4, art. 9, of the constitution of Illinois, was by service of notice on Hugh Maher, in whose name said lot was taxed for the year 1865. The constitutional requirement is, "that such purchaser shall serve, or cause to be served, a written notice of such purchase on every person in possession of such land or town lot, three months before the expiration of the time of redemption from such sale; in which notice he shall state when he purchased the land or town lot, the description of the land or lot he has purchased, and when the time of redemption will expire. In like manner he shall serve on the person or persons in whose name or names such land or lot is taxed, a similar written notice, if such person or persons shall reside in the county where such land or lot shall be situated."

The evidence in this case shows that the notice substantially required by the foregoing provisions, was served on Hugh Maher; and it also shows that no person was in possession of the lot in question at the time of the service of such notice. It seems very clear to me that it should appear affirmatively by the proof, not only that the notice was served upon the person in whose name the property was taxed, in the event of the property's being unoccupied, but also that such person was a resident of said county at the time of such service. This being a constitutional provision for the protection of tax-payers, it is to be construed strictly. No person is to take any rights under a tax title, without following literally the directions given by the constitution. This objection was not raised at the trial, and I do not now intend to base my decision solely on that; but it seems to me that this alone is an insuperable objection to the defendant's title as exhibited on the trial. Judgment for the plaintiff.