The opinion of the court was delivered by
Manning, C. J.
This suit is an injunction on the part of the plaintiff to restrain the defendant and the sheriff from selling two improved lots in this City¡ under two writs of fieri facias issuing out of the Superior District court, for the payment of the City taxes of the years 1874 *472 and 1875, for which judgment had been rendered against widow J. B. Bellocq and the property.
The widow Bellocq was the owner of the lots, and had failed to pay the State taxes of the years 1871,1872,1873 and 1874. The State Tax Collector sold the property on September 21,1875, for those taxes, and George E. Norcróss bought, and received a title from the Collector on September 23. - Six months precisely from that day, viz on March 23, 1876, the Auditor made the confirmatory title for the State. On the 15th. of the following month, Norcross sold to the plaintiff, who is the son of the original owner.
The State tax of any given year is based upon the assessment of that year, but is not payable until the following year, and is known by the designation of the year of assessment, while the City tax is known by the year in which it is payable. The State taxes of 1871 — 1874 inclusive, and the City taxes of 1874 and 1875, were due and payable when the sale took place, and were the last and only taxes due at that time.
The counsel for .the City contends that a seizure and sale for the State taxes of any given year does not destroy the lien, or release the property from the lien, created in behalf of the City for its taxes of the same year, or for any taxes subsequent to that year, for the taxes of which the property was sold. Thus, the last State tax due at the time of the sale being that of 1874, the sale could not destroy the lien of the City taxes of 1874 and 1875. On the other hand the plaintiff claims that, deriving title from a purchase at a sale for State taxes which were due at the time of the sale, and the bid having been for an amount sufficient to cover those taxes, and all penalties, charges, and costs, he is protected by such conveyance, which by express enactment vests in him a full and complete title to the property, free Erom all incumbrances whatsoever.
This question is of great importance in every point of view; If it be true that the State tax primes every other lien to such an extent that a sale under its lien extinguishes all others, then the power of .taxation delegated by the State to cities and parishes might become, if not inoperative, at least unproductive of benefit.- A sale for the compulsory payment of the State taxes would deprive the cities and parishes of the power to compulsorily collect theirs. In the case of the parishes, the General Assembly has excluded such effect by requiring that when in sales for taxes, there shall not be bid a sum sufficient to cover both State and parish taxes, and all penalties and costs, there shall be no adjudication. Perhaps the plaintiff would argue that the absence of a like provision for the City taxes indicates the intention of the legislature not to extend to her the same security. . But we cannot assume that’ nor is it a reasonable inference. When the legislature gave to the City *473 the power to tax, and confided to her officers the movement of the machinery necessary to realize the tax, it cannot have been intended to invent a clog which at any moment might peremptorily stop its working. This would be offering a stone when one asked for bread. Taxes are the pabulum of government. Without that food, the political body languishes and dies. The State did not create the City, and indue it with corporate life, and in the same instant benumb and palsy those functions, without the exercise of which life is soon extinct.
We think the State and City taxes are concurrent privileges, and we assimilate the rights of both to those of concurrent mortgage creditors. The distribution of the proceeds of sale, made for the satisfaction of the tax liens, is in principle pro rata. But under express law, no adjudication can be made to any individual of property, sold for State taxes, if the bid is insufficient to pay all the taxes and penalties due the State. The State may buy if the bid is insufficient, but none other. Sess. Acts 1873, p 101. Now since the City tax is a concurrent lien with the State tax, a sum must be bid which on proportional distribution between the City and State, will assure to the latter the full amount of its taxes, and as in this case, the bid was for less, the adj udication has not extinguished the liens of the City for its taxes.
It must not be forgotten that the City taxes are for the years 1874 and 1875, the latter being payable in that year, and being due when the State tax sale took place, while the last State tax due was that of 1874. Certainly a sale for State taxes of a given year will not cancel and release either State or City taxes of a subsequent year. Anderson v. Rider, 46 Cal. 134. Cowell v. Washburn, 22 Cal. 519. Burrough's Taxation, 274. Osterburg v. Union Trust Co. 3 Otto, 424.
The two writs of fieri, facias, issued for the collection of the City taxes, are dated November 28,1874 and July 12,1875. Those writs are not returnable within a given time, but only when satisfied. They issued from the Superior District court, which was then in existence. The seizure is made by recording the same in the mortgage office. The first was recorded February 2,1875, and the last on July 26,1875. The sale under them was advertised to take place August 14, 1877. At that time the Superior District court was abolished, and the plaintiff includes •among the grounds of his injunction, the extinction of the writs by the •extinction of the court that issued them.
The act abolishing the Superior District court ordered the records thereof to be transferred to the Third Court, and made this latter court, quoad the pending suits, the successor of the Superior court, and vested it with jurisdiction in the premises. Sess. Acts 1877, p. 86. It was not necessary or proper to return these writs in order to obtain aliases from the Third court. When they issued, the Superior court was in being, *474 and had authority to issue them, and their vitality continued, notwithstanding the extinction of the Superior court, because its existence quoad these writs was prolonged as it were, and merged in the Third court.
The seizure of the State tax collector was made by registry in August 18 '5, and his sale, under which the plaintiff’s vendor bought, was made on 21st. of the following month. The certificate of the recorder of mortgages shews the registry of the City taxes prior to that time, viz the latest on July 26,1875, and as the registry is a seizure, by the law for the collection of the City taxes, both the purchaser and the seller (the State tax collector) knew the liens of the City, and their amount and nature, and must be bound by such knowledge, conveyed in the manner the law provides. The moment a seizure of the property was regularly made, the possession of the owner ceased, and the thing seized was placed in the custody of the sheriff. Prevot v. Hennen, 5 Mart. 269. Lacy v. Buhler, 8 Mart. N. S. 662. Wafer v. Pratt, 1 Rob. 41. Winn v. Elgee, 6 Rob. 100. The property was therefore in the custody of the sheriff, under the seizure for the City taxes, prior to and when the seizure for the State taxes was made, and the City has a right to enforce its lien, notwithstanding the sale for the State taxes. We do not understand this to be at variance with, or to be a relaxation of the principle maintained in Lannes v. Workingmen’s Bank, 29 Annual, 112 and Jurey v. Allison 30 Annual, 1234.
Simulation is pleaded by the defendant to the tax collector’s sale and title. The widow Bellocq bought this property from the succession of her husband, the plaintiff’s father. She had no means with which to purchase except her interest in the community. No settlement between herself and the heirs has been had. The plaintiff is one of those heirs. The former owner has continued to occupy the property, at a rental it is said of sixty dollars a month. When asked, what induced him to purchase the property, the plaintiff answered, “ well, it was a good affair.” It is not necessary to say whether or no this is conclusive evidence of the simulation charged, since we hold, that if it be not, the City was lawfully proceeding to enforce her lien for the collection of her taxes, and that the injunction of the present plaintiff was wrongfully issued. Therefore
It is ordered and decreed that the judgment of the lower courtis avoided and reversed, and that there be now judgment dissolving the injunction, and that the defendant have judgment against the plaintiff for her costs iu the lower court, and for those of the appeal.
Rehearing refused.