Filed March 20, 1885.

---

No. 12,087.

## JUSTICE *v.* THE CITY OF LOGANSPORT.

TAXES.—*Levy of, by Municipal Corporations.* — *Precedence of Lien of State, County and City Taxes.*—Municipal corporations in levying taxes are instrumentalities of government, and taxes levied by them are, in legal effect, levied by the State, so that the lien for such taxes is of equal rank and priority to taxes levied for State or county purposes.

SAME.—*Purchasers at County Sale for Taxes.*—*Lien of City Taxes.*—A purchaser at a tax sale made by the county officers takes the land subject to the lien for city taxes existing thereon, if the land is of sufficient value to pay all taxes, but, if the land is not of sufficient value to pay all taxes, then the sale first rightfully made will divest the lien for the other taxes.

From the Cass Circuit Court.

*D. C. Justice,* for appellant.

*J. C. Nelson* and *Q. A. Myers,* for appellee.

ELLIOTT, J.—The appellant foreclosed a mortgage executed to him by Jacob J. Puterbaugh, and acquired title under the sale made on the decree. In 1877 the city of Logansport assessed taxes against the real estate embraced in the mortgage amounting to $600. At the time the taxes for 1877 accrued Puterbaugh was the owner of the property, and was also the owner of $10,000 worth of personal property subject

to seizure for the taxes assessed against him. State and county taxes were assessed against the property for the years 1877, 1878 and 1879, and in the latter year the property was sold to pay the delinquent and current State and county taxes. The appellant was the purchaser at the sale, and received a deed in due course of law. He seeks by the present suit to restrain the city from enforcing the taxes assessed by it against the real estate bought by him at the sale for State and county taxes.

The theory of the appellant is that the title acquired through the sale made for State and county taxes swept away all liens of the city, and vested in him the property discharged from all liens for municipal taxes.

This theory is constructed on an unsubstantial foundation. Taxes levied by a municipal corporation are levied for a public purpose and by public officers. A municipal corporation is part of the government; it is a governmental organization, invested with the powers of government over a designated locality. One of the oldest as well as one of the best definitions of a municipal corporation is, "an investing the people of the place with the local government thereof." *Cuddon* v. *Eastwick*, 1 Salk. 193. Cities are much older governmental institutions than counties, and they were influential agencies in securing stable and liberal government centuries before counties were organized. Robertson says: "The institution of cities into communities, corporations, or bodies politic, and granting them the privilege of municipal jurisdiction, contributed more, perhaps, than any other cause to introduce regular government, police, and arts, and to diffuse them over Europe." Chancellor Kent and Judge Dillon accept as correct De Tocqueville's theory, that municipal corporations are important governmental institutions, and essential to the preservation of free government. 2 Kent Com. (12th ed.), 275; 1 Dillon Munic. Corp. (3d ed.), section 9, n. 2. The chancellor says: "Public corporations are such as are created by the government for political purposes, as counties,

cities, towns and villages; they are invested with subordinate legislative powers, to be exercised for local purposes connected with the public good." Counties do not, therefore, rank higher than cities; they are not as ancient; they are not more important instrumentalities of government, nor have they more comprehensive powers. It is not possible, therefore, to successfully maintain that taxes for county purposes take precedence of taxes levied by a city pursuant to legislative authority. It might with quite as much reason be affirmed that taxes levied by a city have precedence of taxes levied by a county as to assert the contrary. The position which best comports with reason and authority is this: There is no difference in priority, and a purchaser at a tax sale made by the county authorities takes the property subject to the city taxes, except, perhaps, in cases where it is made to clearly appear that the property is not of sufficient value to pay both city and county taxes. Where the property is not of sufficient value to pay both city and county taxes, then the sale first rightfully made divests the lien of the other governmental corporation.

The power to levy taxes is an attribute of sovereignty. Sovereign powers reside in the State, but the power to exercise the sovereign power of taxation may be delegated to a municipal corporation. In exercising this sovereign power the corporation invested with it is exercising a power of the State, and the taxes levied by it as an instrument of the government are, in legal effect, levied by the State. The State acts through one of its governmental subdivisions, and is the source of power. Whether the taxes are levied by a county or a city, they are taxes laid upon the people by the State, acting through its chosen representatives. This view is supported by the well reasoned case of *Denike* v. *Rourke*, 3 Bissell, 39, where it was said : " Municipal taxes are levied by virtue of the same general authority which levies and enforces a payment of State and county taxes—the municipal authorities acting by virtue of the power delegated to them by the State government, and a sale by municipal authority is, there-

fore, essentially in all respects a sale by State authority." The question was presented in *Dennison* v. *City of Keokuk,* 45 Iowa, 266, as it is here, and it was held, as we hold, that the sale by the county officers did not divest the lien for city taxes.

Counsel for appellant makes some criticism upon the provision of the statute that city taxes are to be a lien "to the same extent as a judgment of a court of record of general jurisdiction;" but, in making this criticism, counsel pursues the illogical course of wresting the phrase from its connection and completely isolating it. Statutes are not to be thus treated. The context is to be read as an entirety, not subjected to a process of dissection. Treating the statute logically, there can be no doubt that it creates an enduring lien; it does, indeed, do this in very plain words, for it declares that "such lien shall be perpetual for all taxes due from the owner." It would be difficult, if not impossible, to have employed stronger words. It is obvious that a perpetual lien can not be destroyed by a sale made upon a lien of equal rank. The purchaser may, perhaps, secure a right to redeem from the city taxes, but he does not secure a title divested of the lien.

Judgment affirmed.

