CASE 42—PETITIONS EQUITY—DECEMBER 10.

# Turner v. Town of Pewee Valley—Nock v. Same.

## APPEAL FROM OLDHAM CIRCUIT COURT.

1. TAXATION—ASSESSMENT.—An assessment of real estate in a town for a town tax, which was made only by adopting the assessment list as made by the county assessor for State and county taxation, so far as it applied to persons and real estate within the limits of the town is void.

2. LEGISLATIVE ENACTMENT PENDING LITIGATION—EFFECT OF.—No legislation enacted after the institution of a suit, can affect the rights of the parties litigant, and must be treated as a nullity so far as it relates to the rights of such parties at the time of bringing suit.

3. POLL TAX—PERSONAL ESTATE TO BE EXHAUSTED.—While the levy and assessment of the poll tax against appellants was legal and valid, their lands were not liable to sale for payment of same until their personal property was exhausted.

D. H. FRENCH FOR APPELLANTS.

1. Even if the assessment and levy of the taxes was regular, the sheriff had no right to levy on and advertise the real estate of appellants' for same, because no demand had ever been made of either of them, and they each had sufficient personal property out of which his taxes could have been made.

2. The land sought to be taxed is not subject to taxation for town purposes, because it is farm and wood land, and has never been laid off into town lots.

3. The only assessment ever made of said lands, preparatory to subjecting them to the tax, was to adopt the assessment list as made out by the county assessor. Such an assessment is void because the taxpayer had no opportunity to list his property with the town assessor, and none to have it changed or corrected before any board of equalization. (Cooley on Taxation, pp. 259 and 288; Slaughter v. City of Louisville, 89 Ky., 116; L. & N. R. Co. v. Bullitt, 92 Ky., 280; Davidson v. Sterritt, 13 Ky. L. R., 176; Eifert v. Covington, 12 Ky. L. R., 944; Hager v. Reclamation District, 111 U. S., 701.)

Turner v. Town of Pewee Valley—Nock v. Same.

4. Pending a litigation over the question, a defective assessment or any other irregularities can not be cured by an act of the Legislature so as to affect the rights of the parties. (Allison v. Railroad Co., 9 Bush, 247.)

STONE & SUDDUTH FOR APPELLEE.

1. Even though the sheriff did not exhaust the personal property of appellants, before levying on land, they can not reverse, unless they show that appellee was not entitled to collect the taxes enjoined at all.

2. Where agricultural lands were within the corporate limits of a municipality when bought by appellants, and the boundaries of the municipality were not extended so as to take in the agricultural lands without the consent of owners a municipal tax can be collected. (City of Covington v. Southgate, 15 B. Mon., 491; Keasey v. City of Louisville, 4 Dana, 154; Lexington v. McQuillan, 9 Dana, 519; Louisville v. Hyatt, 2 B. Mon., 177; Same v. Same, 5 B. Mon., 199; Cheaney v. Hooser, 9 B. Mon., 330; Sharpe v. Dunover, 17 B. Mon., 228; Maltus v. Shields, 2 Met., 556; Arbegust v. Louisville, 2 Bush, 275; Swift & Co. v. City of Newport, 7 Bush, 37; Eifert v. Town of Central Covington, 91 Ky., 194.)

3. Where the power of taxation conferred by the Legislature is not in contravention of the Constitution of the State, and where the exercise of such power is confined within the limits prescribed by law, courts of equity will not interfere by injunction. (High on Injunctions, vol. 1, p. 547; Groff v. Mayor of Frederick City, 44 Md., 67; Manley v. Raleigh, 4 Jones' Equity, 370; Cooley on Taxation, 120.)

4. In a proceeding to restrain the collection of municipal taxes upon property which has been taken into the boundaries of the city, the court will not inquire into or consider the motives which may have led to such action. (City of Logansport v. Seybold, 59 Ind., 225.)

5. Whatever abuse of legislative discretion there may be in a particular instance, or whatever apparent oppression or injustice may be the consequence, there is no remedy but in an appeal to the Legislature, unless the complainant rest his case upon some prohibition of the Constitution. (Cheaney v. Hooser, 9 B. Mon., 334; Swift v. City of Newport, 7 Bush, 37.)

STONE & SUDDUTH IN PETITION FOR MODIFICATION OF OPINION.

1. The appellants have not shown any right to have the poll tax perpetually enjoined.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT:

These two cases, by agreement of parties, were heard together in the court below, and by agreement are to be heard together in this court.

They involve the same questions, and are alike in every particular except Nock seeks to enjoin the sale of his land and collection of taxes assessed for the year 1887 by the town of Pewee Valley, in Oldham county, and Turner seeks to enjoin the sale of his land and collection assessed against him for the years 1885-6-7 by the town of Pewee Valley.

Each of appellants' lands are situated in the corporate limits of the town of Pewee Valley, and each claimed that his land is exempt from taxation because it is land used for farming land and grazing purposes, and is not benefited by reason of the corporation, and that none of said land is laid off into lots and streets; and that said land being farm land, and, therefore, they claim that their land is not subject to town taxes.

Many material questions are raised by the pleadings in this record, but we consider the vital question made is the charge that the assessment of the lands of appellants for taxation is void for said town, and we deem it to be unnecessary to decide many points raised in the pleadings if the court should hold that the assessment of land for taxation was void.

The land levied on of appellants is situated within the corporate limits of the town of Pewee Valley, and was about to be advertised and sold when appellants brought these actions, and obtained injunctions enjoining said town, its trustees and the sheriff from proceeding to advertise their lands and sell the same.

The board of trustees passed an ordinance in the year 1885 by which they claim that taxes were duly levied against the lands of all citizens, and a like ordinance was passed in the year 1886 and 1887, and the validity of the assessment made under these ordinances is the question in these cases.

We quote so much of the ordinance as will be necessary to an understanding of the case: "Be it ordained by the board of trustees of the town of Pewee Valley, that an *ad valorem* tax of 20 cents on each one hundred dollars in value of the real estate situated in the town of Pewee Valley, Ky., liable for State taxation, be, and the same is hereby, levied.    *    *    *

"§ 2. A poll tax of two dollars is hereby levied on each and every male inhabitant of said town over 21 years of age for the year 1885, for the purpose aforesaid.

"§ 3. For the purposes of the levy above provided the assessor is instructed to adopt the assessment list as made by the county assessor for State and county taxation for the year 1885, so far as it applies to persons and real estate within the limits of the town of Pewee Valley.

"§ 4. It shall be the duty of the assessor to furnish

the sheriff of the county with tax bills, regularly made out, in accordance with the provisions of the ordinance, on or before the 1st day of August, 1885.

"§ 5. The taxes levied and assessed as aforesaid shall be due and payable on and after August 10, 1885."

Under and by virtue of this ordinance the tax bills were levied on appellants' land, and an attempt to sell the same was made when enjoined. The ordinances made in 1886 and 1887 are an exact copy of the one made in 1885.

It is in proof, and not denied in the pleadings, that the only assessment of appellants' property was made by taking a copy of the assessment made by the assessor of Oldham county for the years complained of, which list was given to the sheriff of Oldham county for collection, and the sheriff, with that authority alone, levied on the land of each appellant, and each has enjoined the town and its then trustees and the sheriff from selling their land.

We are compelled to hold that the pretended assessment of appellants' property in the mode and manner shown in these cases is void. Every tax is an involuntary charge on the taxpayer, although in some instances a community may desire and vote a tax on themselves, yet there are always some who object to being taxed, and as to those who do object it must be an involuntary charge.

The imposition of such involuntary charges of taxes on citizens is the exercise of sovereign power, and so closely is the exercise of that power guarded by consti-

tutional provisions and by the adjudications of the
courts that require a strict observance of the law under
which such taxes are to be imposed.    As said by Judge
Cooley on Taxation: "The assessment being so import-
ant, provision respecting its preparation and contents
ought to be observed with particularity.    *    *    *
The assessment must, therefore, be made by the proper
officer or it will be void.    *    *    *    So the assessment
will be void if the assessor commits the office of making
it to a clerk."    Cooley on Taxation, pages 363-4.

The board of trustees, by requiring the assessor of
the town to adopt the assessment made by the assessor
of Oldham county, not only prevented him from making
an assessment himself, but required the assessor to pro-
cure an assessment made by one who was not a citizen
of the town, and who had no common interest with
those who were expected to pay the tax. They failed to
require even a report to the board for its approval, but
directed the assessor to make out the list and give it
to the sheriff for collection by these ordinances.    No
provision was made for the taxpayer to be heard, nor
was he given any notice or opportunity to be heard and
correct said list.

This question is not new to this court.    Similar
questions were decided in the case of Slaughter v. City
of Louisville, 89 Ky., 112; Davidson v. Sterrett, 13 Ky.
Law Rep., 176.

But after these suits were instituted the appellees,
in the year 1890, procured an act of the Kentucky Legis-.
lature, seeking to cure the defects in the assessment

complained of, but this court has repeatedly held that no legislation can affect the rights of parties litigant enacted after the institution of the suits; therefore, the curative act of the legislature, attempting to affect the parties to these suits, must be treated as a nullity so far as it relates to the rights of appellants at the time of bringing their suits. Allison v. Railway Co., 9 Bush, 247.

But the appellees contend that the injunction ought not to have been granted because each of the appellants were charged with poll tax of $2 against appellant Nock and $6 against appellant Turner, and that the assessment of this poll tax was in form and valid.

We can not concur in this contention, although the assessment of poll tax against appellants may have been all right and legal, but still that would not authorize the sheriff to levy on appellant's land; for by the General Statutes, which was in force at the time, the sheriff had no right to levy on land and sell it for taxes until the personal property of the taxpayer had been exhausted.

The proof in these cases shows clearly that appellants had an abundance of personal property within the corporate limits of the town to satisfy these taxes against them. General Statutes, chapter 92.

The judgment is, therefore, reversed and cause remanded, with directions that the court perpetuate the injunction in each of said cases and for further proceedings in accordance with this opinion.

The court delivered the following extension of opinion on 15 January, 1897:

Appellees having petitioned for an extension of the opinion heretofore filed in this case, for further opinion we hold that the levy or assessment of poll tax against the appellants was legal and valid, and the appellants are liable to the payment of the same, and as held in the opinion their lands were not liable to sale for the payment of the poll tax until their personal property was exhausted, and all that was intended in the former judgment was to perpetuate the injunction as to the collection of the *ad valorem* taxes levied, and the sale of their lands for the poll taxes, and the petition is over-ruled.