## Kentucky Lands Investment Co. v. Fitch, et al.

(Decided June 16, 1911.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

Taxes Due the State, County and Taxing Districts—Sale For Such Taxes—Purchaser Holds For All—Where property is sold by the State for taxes due the State, County and taxing district, a purchaser other than the State takes it encumbered with a lien for such taxes as may be due the city thereon, and when the state is the purchaser it holds it for the benefit of the county and other taxing districts for whose taxes it was sold, and it remains in lien for the taxes due the city. When the title to such property has been perfected in the state and it is sold in satisfaction of the tax claim, if the city is not made a party then the lien upon the property for taxes due it, remains unimpaired and the purchaser at the Auditor's agents' sale takes it unincumbered with such lien.

M. J. HOLT for appellant.

HARRIS FLEMING, CLAYTON B. BLAKEY, JOSEPH L. LAWTON, for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

In December, 1898, a certain lot in the City of Louisville was sold for taxes due the State and County. No one bid thereon and the Sheriff bought it in for the State.

The same lot was again sold for taxes for the years 1899, 1900, 1901, 1902, 1903, 1904 and 1908. Again the State became the purchaser. These sales were reported by the sheriff in writing to the clerk, as required by section 4162, Kentucky Statutes, and these reports were duly recorded by the clerk. The property was not redeemed by the owner, and the Auditor directed its sale to satisfy the claims of the State and County for taxes. After due and proper advertisement, it was sold on March 7, 1910, at public outcry, and the Kentucky Lands Investment Co. became the purchaser. On April 6, 1910, a deed conveying the lot to the purchaser was executed by the Auditor, Frank P. James, and on September 13th, following, this suit was instituted against the former owners of the lot for possession and to quiet the title of the plaintiff thereto. By an amended pleading the City of Louisville was made a party defendant, because it was asserting some claim for taxes against the property. The former owners, in response to the summons, appeared in court, and by their answer waived all right and claim to the title of the property, stating that the taxes against it equalled its value. They also represented that the lot was vacant and unoccupied. The city answered and set up a lien on the lot for taxes for the years 1894 to 1910, inclusive, and attacked the validity of the sheriff's sales and the Auditor's agent's sale, and asked that they be adjudged void and that the deed from the Auditor be cancelled. A demurrer was filed to the answer by plaintiff, and upon consideration by the court it was carried back to the petition and the petition held bad on the ground that plaintiff could not maintain an action to quiet title when not in possession of the property. Plaintiff declined to plead further and its petition was dismissed. Hence this appeal.

Appellant claims that under the act of May 6, 1880, it is authorized to maintain this suit to quiet its title, though not in possession. The appellee admits that, under the act in question, appellant would have been entitled to maintain the suit, but insists that the act relied upon was repealed by the act of May 17, 1886; or that, if the act of 1886 did not have this effect, it was certainly repealed after the adoption of the present Constitution, when the revenue and taxation laws of the State were revised under the direction of a commission, and a new, complete and comprehensive system adopted for the as-

sessment and taxation of property. This act was passed in November, 1892, and in it there is this provision: "All acts and parts of acts in conflict with this act are hereby repealed." As the act of 1892 provides fully for the collection of delinquent taxes and sets out the mode of procedure in detail, from the sale by the sheriff to the perfection of the title in the purchaser, we are of opinion that the act of 1880 is no longer in force, but was superseded by said act of 1892.

Appellant seeks in its petition to recover possession of the property, and to have its title quieted, as well. The former owners of the land in their answer waive all claim to title and state that the land is vacant and unoccupied; the city was asserting a lien for taxes due it; so that, with the pleadings in that condition the question of possession was no longer in issue, for under its deed appellant had constructive possession, and the only question remaining in issue was that between the appellant and the city, raised by the city in its answer, wherein it asserted a lien for taxes due it. The petition should not have been dismissed.

In argument and in brief each side asks that the question at issue be determined, and the rights of the purchaser and the city in this property be fixed.

In James, Auditor, v. Blanton, 134 Ky., 803, it is held that if the property is not redeemed by the owner within two years after the sale the title in the State becomes absolute, although the owner may, at any time prior to the Auditor's deed, redeem the property by paying the taxes, penalties, costs, etc., provided by the statute. That was all that was decided in that case. No question of conflicting liens between the State and other taxing districts was raised in that suit.

It is insisted for the appellant that, as the owner of the property failed to exercise the right of redemption, it has, by reason of its Auditor's deed, become the owner of the lot, and the city has lost its right to the enforcement of its claim for taxes. Unquestionably, appellant has acquired the fee which was owned by Fitch, for whose taxes it was sold, but neither in James v. Blanton, Auditor, supra, nor in any other case. has this court held that the lien of the city for taxes was destroyed by reason of the sale and execution of the Auditor's deed.

Section 3006, Kentucky Statutes, gives to the city a lien upon the lot for the taxes due it, and the statute pro-

vides the way and manner in which the city shall proceed to the enforcement of this lien. The sheriff is not made the collector of this tax, and the statutory provision for its collection is in many respects different from that provided for the collection of State and County taxes. Still, the purpose for which this tax is levied is the same as that for which State and County taxes are levied, to-wit, the maintenance and support of the government. A sound governmental policy, it seems, would require the State to aid the city in the collection of its taxes rather than attempt to defeat its claim. Section 4151-2, Kentucky Statutes, provides, where real estate is sold for taxes and the State becomes the purchaser, that such purchase shall be for the benefit of the State, County, and taxing district. As the sheriff is not made the collector of the city taxes, it may be argued that the provisions of this statute do not apply to taxes due the city, and that the words "taxing district" refer to school district or some subdivision of the county, other than a city, where a tax may be authorized by law. Undoubtedly, the taxing district referred to in this section of the statutes does not mean city, for, if it did, there could be no question but that the purchase, when made by the sheriff, would inure to the benefit of the city as well as the State, and the title to the property would, by the plain language of the statute, be held in trust for the benefit of all the taxing districts, including the city. But, while this section of the statute in direct terms does not deal with or determine the rights of the city as to taxes due it against property sold and bought in by the State, still the general policy of the law making power is illustrated and explained by this section. This section makes it plain that it is the policy of the law to protect each taxing district in its lien upon the property for the taxes due it; for the sheriff is not necessarily the collector of taxes due schools or other local taxing districts. The authorities having in charge the levy and collection of such tax may select a collector of their own, who may act independent of the sheriff. But when such property is sold by the sheriff for taxes, and bought in by him, the purchase inures to the benefit of such taxing district.

The city is but a branch of the government, and it is quite as important to the State that it should be well governed, and the safety, comfort and health of its citizens looked after, as it is that the affairs of the various

counties or school districts in the State should be properly administered. In order that this may be done the city must have a revenue, and this is, in the main, derived from a tax laid upon the property therein. No good reason could be assigned why the State should want to deprive the City of any portion of its revenue. On the other hand, there is every reason why the State, and the sound policy of the law would require, that she should lend her aid to the city in the collection of its revenue rather than attempt to defeat it in its collection. The State, County and taxing district each have a lien upon the property. These liens are of equal dignity. The State is equally interested in seeing that each collects its taxes. Where a sale is made by the city, the validity of the lien of the State, County or taxing district is in no wise impaired, and where the sale is made by the State for State, County, or district taxes, the validity of the city's lien for taxes due thereon is unimpaired. It is well settled that if A. and B. each hold liens upon the property of C., either may enforce his lien and have the property sold to satisfy his debt, and the purchaser at such sale acquires the fee in the property, subject to such right of redemption as C. may have, but the other lien holder is not deprived of his lien by reason of such procedure unless he was made a party to the proceeding and called upon to assert his right, and failed to do so. In principle we do not see how the cases can be distinguished.

Where property is sold for State, County, or district taxes by the sheriff, and someone other than the State becomes the purchaser, the owner has a certain time within which to redeem it. If he does so it would hardly be contended for the owner that, by reason of his permitting the property to be sold and bought in by a third party, he had defeated the lien of the city for taxes thereon. The status and right of the parties are not changed because the State becomes the purchaser. The sale is made to satisfy a particular lien, and the liens for other taxing districts, including that of the city, are neither invalidated nor impaired by reason of such sale, and the purchaser takes the property subject to such other tax liens as are not included in the sale. In brief, where property is sold by the State for taxes due the State, County and taxing district, a purchaser other than the

State takes it encumbered with a lien for such taxes as may be due the city thereon; and where the State is the purchaser it holds for the benefit of the State, County and other taxing districts for whose taxes it was sold, and it remains in lien for the taxes due the city. When the title to such property has been perfected in the State and it is sold in satisfaction of the tax claims, if the city is not made a party, then its lien upon the property for taxes due it remains unimpaired, and the purchaser at Auditor's agent's sale takes it encumbered with such lien.

In Justice v. City of Logansport, 101 Ind., 326, it is held that the purchaser at a tax sale, made by county officers, takes the land subject to the lien for city taxes existing thereon.

In Dennison v. City of Keokuk, 45 Ia., 255, it is held that the deed of the county treasurer for lands sold for State and County taxes does not divest the property in the hands of the purchaser of the lien for unpaid city taxes.

And in Paul Bellocq, v. City of New Orleans, 31 La., 471, it is held that where property is sold for State taxes, such sale does not operate to discharge a lien in favor of the city for taxes upon the same property.

The opinions in these cases are rested upon Public Policy idea being that, as the city is but a branch of the State government, a part of the State, the collection of its revenue, with which to maintain and carry on its corporation existence, is of as much importance to the State as is the collection of a sufficient revenue to run the State government.

Neither the sale by the sheriff nor that by the Auditor's agent had the effect to invalidate the lien of the city upon this property for taxes due it. We refrain from passing upon the validity of any of these liens, but simply hold that any lien that the city had for these taxes is neither invalidated nor impaired by reason of such sales.

Appellant insists that the city has no right to assert a claim for taxes for the years that the title to this property was held by the State. A sufficient answer to this contention is found in the fact that, after the sale of the property to the State by the sheriff, the State failed to exercise its right to perfect its title in the property, but let it remain in the original owner, and continued to tax it as the property of its former owner. While it re-

mained in this condition the city's rights were certainly as broad as those of the State. The owner might have come in at any time and redeemed it by paying the State's taxes, with interest, costs, and penalties, and the city taxes, with such charges for interest and costs as had accrued.

The judgment of the lower court is reversed and the cause remanded for further proceedings consistent herewith.