### Hicks v. Kimbro, Sheriff.

(Decided October 16, 1928.)

## Appeal from Hickman Circuit Court.

Taxation.—Sheriff held not entitled to distrain for taxes mule which belonged to taxpayer at time of the assessment, but which he sold prior to the time of the distraint, under Ky. Stats., secs. 4021, 4149, until sheriff first proceeded against the real estate which the taxpayer owned, or owned at time of the assessment, and lien of commonwealth was not defeated by sale, but enforcement thereof was postponed until the real property was exhausted.

HERSCHEL T. SMITH for appellant.

JOE W. BENNETT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

In the year 1925 John A. Latta was the woner of a farm in Hickman county worth about $7,000, and certain personal property, including several mules, all of which he assessed in that year. On or about November 15, 1926, Latta sold the mules to John L. Hicks, a resident of Graves county. In the year 1927, T. E. Kimbro, the sheriff of Hickman county, levied upon and distrained one of the mules, which he found in Hickman county, for the purpose of collecting the taxes due by Latta for the year 1926.

This action was brought by Hicks to enjoin the sheriff from selling the mule for Latta's taxes. The sheriff filed an answer and counterclaim, asserting his right to distrain and sell the mule found in Hickman county, and also alleged that Hicks had purchased from

Latta three other mules, which were then in Graves county, upon which he claimed a lien for Latta's taxes. The defendant's demurrer to the petition was sustained. Plaintiff's demurrer to the answer and counterclaim as amended was overruled. Judgment was then rendered, awarding the commonwealth a lien upon the mule to secure Latta's taxes in the year 1926, and plaintiff was directed to turn over to the sheriff the three mules in Graves county. From that judgment, plaintiff has prayed an appeal.

Section 4149, Kentucky Statutes, provides in part as follows:

"As soon as any taxpayer becomes delinquent, the sheriff or the collector of the county where the property is liable shall distrain sufficient personal property of such delinquent, if found in the county, to satisfy all taxes, penalties, interest and penalties due. If a sufficient amount of personal property be not found, then he will levy on a sufficient quantity of the delinquent's land for that purpose. But if no land be found belonging to the delinquent, the sheriff shall levy on any real estate owned by the delinquent at the time of assessment for the taxes or a sufficient amount to satisfy the taxes, cost, and penalties due."

Section 4021, Kentucky Statutes, provides:

"The commonwealth, and each county, incorporated city, town or taxing district, shall have a lien on the property assessed for the taxes due them respectively (for five years) which shall not be defeated by gift, devise, sale, alienation, or any means whatever, unless the gift, devise, sale or alienation shall have been made for more than five years before the institution of proceedings to enforce the lien, and nothing shall be exempt from levy and sale for taxes and cost incident to the sale. When any lands or improvements shall not be assessed in any one year, it may be assessed retrospectively in the manner provided for by law, for that year, at any time not later than five years thereafter, but the lien thereby accruing shall not prejudice the rights of purchasers acquired in the meantime."

The argument for appellee is that, by virtue of section 4021, Kentucky Statutes, supra, the lien of the commonwealth on the mules was not defeated by the sale to

Hicks, and that it was his duty under section 4149, Kentucky Statutes, supra, first to distrain the mules before levying on land then owned by Latta, or owned by him at the time of the assessment. The plain purpose of the statute was to require the sheriff or collector to exhaust the personal property of the delinquent before proceeding against his real estate, or real estate owned by him at the time of the assessment. The language of the statute is, "shall distrain sufficient personal property of such delinquent, if found in the county." In speaking of land, the statute not only uses the words, "delinquent's land," but goes further and provides that, "if no land be found belonging to the delinquent, the sheriff shall levy on any real estate owned by the delinquent at the time of assessment." In dealing with personal property, however, the statute does not provide for the distraint of the personal property belonging to the delinquent at the time of the assessment. It refers only to the personal property of the delinquent. In our opinion, this means personal property belonging to the delinquent at the time of the distraint. It was never intended, we think, to impose on the sheriff the duty of exhausting all the personal property theretofore disposed of by the delinquent before proceeding against the real estate. If such were the meaning of the statute, not only would it work many hardships and seriously interfere with commerce, but, in many instances, the sheriff or collector would find it impossible to comply with its terms. If it be true, therefore, that the mules were the property of appellant, and did not belong to the delinquent at the time of the distraint and this proceeding, it necessarily follows that appellee, as sheriff, was not authorized to proceed against the mules until he exhausted the personal property then belonging to the delinquent, and then proceeded against the real estate he then owned or did own at the time of the assessment. In reaching this conclusion we do not mean to hold that the lien of the commonwealth was defeated by the sale, but that it may not enforce its lien against the mules until it has first exhausted the other property mentioned in the statute. It follows, from what we have said, that the demurrer to the petition should have been overruled, and the demurrer to the answer sustained, and that appellant should be granted the relief prayed for, if he establishes title to the mules.

Judgment reversed, and cause remanded, for proceedings consistent with this opinion.