## Allin et al. v. City of Harrodsburg et al.

(Decided Feb. 10, 1933.)

R. W. KEENON for appellants.

C. E. RANKIN for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

For some years Ben C. Allin, the appellant, has been the owner of certain real estate, with its improvements, known as the Graham Springs Hotel, situated in the city of Harrodsburg, Mercer county, Ky.

This hotel contains some thirty-odd rooms, and is supplied with the usual furnishings and equipment common to residences and hotels.

Somewhere about the year 1927, Judge Allin, in consideration of certain money advances made him by Miss Hattie Abraham, executed her a bill of sale of the furnishings and equipment of this hotel, but further

conditioned that he might reclaim this personal property upon the payment of the advances thus made him thereon. This bill of sale, however, was never placed to record.

Also it appears that Judge Allin did, more than ten years ago, execute to the Farmers' Trust Company, Harrodsburg, Ky., a mortgage upon this real estate, or hotel property, by way of securing payment for a bond issue given by him for debt in the amount of some $15,000 placed on the property; also that at the January term of the circuit court, 1932, in the suit of Farmers' Trust Company, Trustee, v. B. C. Allin, etc., judgment was rendered enforcing the mortgage lien and ordering a sale of the property for the satisfaction of the debt, though no sale was advertised nor had of the property thereunder until September 7, 1932, which was then made under the circumstances hereinafter stated.

Judge Allin's hotel real estate and its furnishings and equipment were assessed for city and school taxes for the years 1930 and 1931, resulting in tax bills coming into the hands of the city tax collector therefor in the amount of some $500, and tax bills for state and county taxes for the year 1931, amounting to $148.68, coming into the hands of the sheriff of Mercer county for collection. All of these tax bills were delinquent on December 31, 1931.

In August, 1932, the city tax collector of Harrodsburg, William R. Gregory, appellee, advertised for sale for delinquent taxes a large number of pieces of city property, including appellant's hotel real estate, and that the sale thereof would be held at the courthouse door on Monday, September 5, 1932.

The collector, however, it appears, about the middle of August, was given written notice by some of the holders of these bonds secured by mortgage liens against the hotel real estate that the appellant Judge Allin had ample personal property in Harrodsburg out of which the delinquent taxes owing by him could and should be made, and that they would contest his attempted sale of his mortgaged real estate for the satisfaction of these taxes as threatened and advertised by him.

The tax collector, upon being so notified and also

advised that he should first exhaust Judge Allin's personal property to satisfy his delinquent taxes assessed against both his real and personal property, thereupon, together with John S. Buster, the sheriff, who also held tax bills for county and state taxes for $148.66, went upon the hotel premises and proceeded to draw up a levy in duplicate upon the hotel furnishings and equipment, each retaining a copy, and advertised this personalty for sale on the first Monday in October at the hotel premises.

The evidence is conflicting as to whether or not a sale was made of the appellant's hotel property on September 5, 1932, together with much other city real estate then advertised to be sold for delinquent taxes.

The tax collector, Mr. Gregory, testified that appellant's hotel property was not among the pieces of real estate sold at this tax sale of real estate, nor was any report of its sale made to the clerk. On the other hand, Judge Allin, Judge Vanarsdale, the auctioneer crying the tax sale, and I. C. James, an attorney, testified they were all present at the sale and heard Judge Allin's property called out and knocked off to the city of Harrodsburg and the board of education in satisfaction of their respective delinquent tax claims. However this may be, on September 7 the appellant's hotel property was sold pursuant to the directions of the earlier judgment enforcing the mortgage lien against it, when its sale price fell short by some $1,500 of satisfying the full mortgage debt.

On October 1, 1932, or two days before the advertised sale date of Judge Allin's personal property, he filed this suit in the Mercer circuit court against the city of Harrodsburg and William Gregory, Jr., city and school tax collector for the city of Harrodsburg, wherein he sought an injunction preventing the threatened sale of his personal property upon the grounds (1) that the defendant tax collector had failed to give the plaintiff the required postcard notice of the time and place of its sale; and (2) because the defendants had already, through their previous sale and purchase of his hotel property on September 5, satisfied his delinquent taxes for which the sale was made.

Upon the hearing of this motion, the court granted a temporary injunction upon the first ground, re-

straining the city tax collector from proceeding with his sale of plaintiff's personal property for his delinquent taxes as advertised. However, upon this day John S. Buster, the sheriff, not having been so enjoined by the court, as was Gregory, the collector, did proceed with his sale of Judge Allin's personalty, as advertised for sale on October 3 for the satisfaction of the tax bills then in his hands, amounting to $148.66, for delinquent county and state taxes. At this sale, Miss Hattie Abraham bought the whole of this personalty, assessed at some $2,700 or $2,800, for the stated amount of Judge Allin's delinquent state and county taxes, and received the sheriff's certificate of purchase therefor.

Defendants, the city and tax collector, thereupon filed their answer, counterclaim, and cross-petition, wherein they traversed the averments of the petition, and by their cross-petition made bond and other lienholders, or parties in interest, parties defendant, and asked that they be required to set up their claims in said action and for a determination and declaration of the rights of all the parties therein under the Declaratory Judgment Act (Civil Code of Practice, secs. 639a-1 to 639a-12).

Further appropriate pleadings being filed and the issues joined, the same was submitted for trial and judgment, and, proof being heard, by agreement, orally before the court, the court upon the pleadings and proof adjudged that the plaintiffs' petition be dismissed, that it was the duty of the city tax collector to sell the personal property referred to in satisfaction of the tax bills in his hands in the manner provided by the statutes, and that, to the extent the personalty satisfied the tax bills, there would be no tax against the real estate, but only a lien against the same, or its proceeds, for any remaining deficiency, and further adjudged that Hattie Abraham, through her purchase at the sheriff's sale of Allin's personalty for county and state taxes, acquired only the sheriff's lien thereon, and that she had, to the extent of her purchase thereof, a lien of equal dignity with that of the tax collector for the tax bills in his hands, and was entitled to share proportionately in the proceeds of its sale, and that she took no title to said personalty except subject to the rights of the tax collector for said city and school tax bills.

Complaining of this judgment as erroneous, the

plaintiff, Ben C. Allin, and the defendant Hattie Abraham prosecute this appeal.

The appellants contend that the city tax collector is not required, in making collection of the tax bills in his hands against the property of the delinquent, to first exhaust delinquent's personal property, but that the provision of sections 3544a-2 to 3544a-4 of the Statutes, empowering the tax collector "on receipt of the tax receipts with penalty and interest attached * * * to distrain sufficient personal property of such delinquent, if found in the city, to satisfy all taxes, penalties and interest due," is not mandatory, but only directory, of the collecting officer of such municipality, or does not require him to use diligence in locating personal property, but may proceed with the selling of delinquent's real estate without making a return of "no personal property found" or an effort to locate and first exhaust the delinquent's personal property to satisfy the tax. Therefore the appellants here argue and contend, by reason of such construction of the statute, which they further argue is supported by the rule of contemporaneous construction given this statute by the municipal tax collecting officers of Harrodsburg and its resident owners of real estate, that the sale of the appellant's real estate, which they contend was made and had by the appellee city of Harrodsburg and city and school tax collector on September 5, 1932, was a valid sale thereof and effected a full satisfaction of the delinquent taxes. However, the city claims that no such sale was had of the hotel, or, if had, that it is one had by mistake and void, as it was his duty as tax collector, under the mandatory and applicable provisions of the quoted statute, supra, to first distrain and sell the appellant's personal property in satisfaction of his delinquent city and school taxes.

It is admitted by appellant that section 4149, Kentucky Statutes, directing the sheriff as to the manner of proceeding to collect tax bills in his hands, by distraint and sale of delinquent's personal property, requires that he shall first exhaust the delinquent's personal property, and that, although such provision of this statute is mandatory as to the collection of state and county taxes, yet contends that the same reason does not exist for observing such requirement as a mandatory one in

the case of municipal officers in making collection of city and school delinquent taxes owing it.

In considering the merit of this argument, it is needful to first consider the language of the two sections of the Statutes referred to, as to which this different rule of construction is urged and contended for by appellant.

Sections 3544a-2 and 3544a-3 prescribe the procedure for enforcing collection of city taxes, and, in so far as pertinent hereto, are as follows:

Section 3544a-2:

"On receipt of the tax receipts with penalty and interest attached the collector or treasurer is hereby empowered to distrain sufficient personal property of such delinquent, if found in the city, to satisfy all taxes, penalties and interest due."
Section 3544a-3:

"If a sufficient amount of personal property be not found, then the collector or treasurer will levy on a sufficient amount of the delinquent's real property for that purpose. If no real property be found belonging to the delinquent, the collector or treasurer shall levy on any real estate owned by the delinquent at the time of assessment for the taxes, or a sufficient amount to satisfy the taxes, costs and penalties due."

Section 4149, setting out the requisite procedure to be followed by the sheriff in his collection of county and state taxes, is in this language:

"As soon as any taxpayer becomes delinquent, the sheriff or the collector of the county where the property is liable shall distrain sufficient personal property of such delinquent, if found in the county, to satisfy all taxes, penalties, interest and penalties due. If a sufficient amount of personal property be not found, then he will levy on a sufficient quantity of the delinquent's land for that purpose. But if no land be found belonging to the delinquent, the sheriff shall levy on any real estate owned by the delinquent at the time of assessment for the taxes or a sufficient amount to satisfy the taxes, cost, and penalties due."

The construction of this latter section of the Statutes has been repeatedly before this court, wherein its provisions directing that the sheriff "shall distrain sufficient personal property of such delinquent, if found in the county, to satisfy all taxes, penalties, interest and penalties due" have been held to be mandatory, or that a distraint made by such collecting officer of the realty of the delinquent owner, before first exhausting his personalty to satisfy the tax, is void. Wheeler v. Brammel, 8 S. W. 199, 10 Ky. Law Rep. 302; Julian v. Stephens, 11 S. W. 6, 10 Ky. Law Rep. 862; Turner v. Town of Pewee Valley, 100 Ky. 288, 38 S. W. 143, 688, 18 Ky. Law Rep. 755; Allen v. Perrine, 103 Ky. 516, 45 S. W. 500, 20 Ky. Law Rep. 202, 41 L. R. A. 351; Brachey v. Peddicord, 199 Ky. 75, 250 S. W. 511; Hicks v. Kimbro, Sheriff, 255 Ky. 778, 10 S. W. (2d) 290; Sandlin v. Baker et al., 242 Ky. 645, 47 S. W. (2d) 55.

As the language and provisions of section 4149 and sections 3544a-2 and 3544a-3 are practically identical, we can see no difference in principle between the two classes of cases.

The clear import and plain purpose of each of these two statutory provisions, it is alike evident, was to require the tax collecting officer, whether sheriff or city collector, to exhaust the personal property of the delinquent before proceeding against his real estate owned by him at the time of the assessment. The language of each section of the statute is, respectively, that the collector "is hereby empowered to" or "shall" distrain sufficient personal property of said delinquent to satisfy all taxes. We can conceive of no valid or substantial reason calling for a distinction or difference to be made in construing the substantially alike provisions of these two sections of the Statutes as being alike mandatory in their requirements.

From this, our conclusion thus reached, that the provisions of sections 3544a-2 and 3544a-3 were not merely directory, as contended for, but mandatory upon the city collector to first exhaust the appellant's personal property, of which it is undisputed there was an ample amount to satisfy all of Judge Allin's delinquent taxes then owing, it follows that the sale of the delinquent's hotel real estate by the city collector, if in fact made, without having first exhausted his personal property then found in the city of Harrodsburg for the

satisfaction of his tax, would, under the authority of the cases cited supra, be an illegal and void sale thereof. Therefore, if a sale thereof had been made, as contended by appellant, it would have been irregular and void and would not have effected a satisfaction of the delinquent taxes owing by appellant entitling him to injunctive relief against the sale of his personalty for taxes thus satisfied. Accordingly, the learned chancellor below, in adjudging that the plaintiff's petition in pleading a prior sale to the city of his realty as a satisfaction of his delinquent taxes was demurrable, and that his petition be dismissed, and in further adjudging that it was the duty of the city collector to sell the delinquent's personal property referred to, in the manner provided by the Statutes, in satisfaction of the unsatisfied tax bills in his hands, was, being in harmony with our views herein expressed, without error in so adjudging.

We will next consider the complaint of the appellant, Miss Hattie Abraham, urging that the court erred in adjudging that she, through her purchase at the sheriff's sale on October 3, 1932, of Judge Allin's personal property for county and state taxes, acquired, not the title thereto, but only the sheriff's lien thereon, or a lien of equal dignity with that of the city tax collector for tax bills in his hands and only entitled to share proportionately in the proceeds of its sale.

It may first be here noted that, while it appeared by the evidence that Miss Abraham had received a conditional bill of sale of this property several years prior to this tax sale, from Judge Allin, as security for money advances made him, her bill of sale, in effect a mortgage, was never recorded, and, being unrecorded, under section 496, Kentucky Statutes, it was not valid as a prior lien against either the tax liens of the state or city or the attachment lien against it of the appellee Pollard. Fry Bros. v. Theobold, 205 Ky. 146, 265 S. W. 498. In other words, the rights of Miss Abraham in Judge Allin's personal property were not augmented nor enlarged therein by reason of her unrecorded vendee's lien against it, as against either the tax or attachment liens against this property held by other parties to this suit, nor sufficient to give her the right to demand that the collector should, by reason of her unrecorded lien on the personalty, first distrain and sell

Judge Allin's real estate for the satisfaction of his delinquent taxes as was adjudged in the Hicks Case, hereinafter referred to. Neither do we conclude, was her right in the personal property as purchaser thereof at the sheriff's sale and thereby subrogated, as adjudged, to the sheriff's lien against the same for the amount of the county and state delinquent tax then owing him, one conferring any title to the property or lien upon the same paramount to or exclusive of the tax liens of the city tax collector against it for the city and school taxes then owing him, for the collection of which the sheriff had also made levy or distraint upon it.

Section 4021, Kentucky Statutes, provides:
"The Commonwealth, and each county, incorporated city, town or taxing district shall have a lien on the property assessed for the taxes due them respectively (for five years) which shall not be defeated by gift, devise, sale, alienation, or any means whatever, unless the gift, devise, sale or alienation shall have been made for more than five years before the institution of proceedings to enforce the lien, and nothing shall be exempt from levy and sale for taxes and cost incident to the sale."

The personal property of Judge Allin, here sold for state and county taxes by the sheriff, represented a part of the property which was, together with Judge Allin's real estate, assessed for taxes owing for the years 1930 and 1931 by the state and county and city and school district, and all of which are under the quoted provision of the statute given liens, on the assessed property for the taxes respectively due them, and which liens, it is by the statute declared shall not be defeated by gift, devise, sale, or alienation, or any means whatever, etc.

The language of this section makes plain the policy of the law to protect each taxing district in its lien upon the property therein for the taxes due it. The sheriff was not the collector of taxes due the city and city schools. The authorities, having in charge the levying and collection of these taxes, selected the appellee William Gregory as the collector of these taxes due the city and city schools, and their lien remained against it, as said in the case of Kentucky Lands Investment Co. v. Fitch, 144 Ky. 273, 137 S. W. 1040, 1042, Ann Cas. 1913A, 672:

"The city is but a branch of the government, and it is quite as important to the state that it should be well governed, and the safety, comfort, and health of its citizens looked after, as it is that the affairs of the various counties or school districts in the state should be properly administered. In order that this may be done, the city must have a revenue, and this is, in the main, derived from a tax laid upon the property therein. No good reason could be assigned why the state should want to deprive the city of any portion of its revenue. On the other hand, there is every reason why the state, and the sound policy of the law, would require that she should lend her aid to the city in the collection of its revenue rather than attempt to defeat it in its collection. The state, county, and taxing district each have a lien upon the property. These liens are of equal dignity. The state is equally interested in seeing that each collects its taxes. Where a sale is made by the city, the validity of the lien of the state, county or taxing district is in no wise impaired; and, where the sale is made by the state for state, county, or district taxes, the validity of the city's lien for taxes due thereon is unimpaired."

Knowles v. Morris, 6 Pennewill (Del.) 76, 65 A. 782; Justice v. City of Logansport, 101 Ind. 326; Dennison v. City of Keokuk, 45 Iowa, 266; Bellocq v. City of New Orleans, 31 La. Ann. 471; City of Rochester v. Kapell, 86 App. Div. 224, 83 N. Y. S. 640, affirmed 177 N. Y. 533, 69 N. E. 1121.

In Justice v. City of Logansport, supra, the court said:

"It is not possible, therefore, to successfully maintain that taxes for county purposes take precedence of taxes levied by a city pursuant to Legislative authority. It might with quite as much reason be affirmed that taxes levied by a city have precedence of taxes levied by a county as to assert the contrary. The position which best comports with reason and authority is this: There is no difference in priority, and a purchaser at a tax sale made by the county authorities takes the property subject to the city taxes, except, perhaps, in cases where it is made to clearly appear that the prop-

erty is not of sufficient value to pay both city and county taxes.''

Therefore we conclude that the judgment of the learned chancellor, concurring with our views as expressed in this opinion, should be and is affirmed.