## McKinney's Administratrix et al. v. Commonwealth, for Use and Benefit of Board of Education of City of Winchester, etc.

(Decided June 4, 1935.)

HARVEY T. LISLE, D. L. PENDLETON, and GORDON, LAUR-ENT, OGDEN & GALPHIN for appellants.

JOHN H. GARDNER for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

At the end of his term as collector of taxes for the city of Winchester, S. M. McKinney, on January 3, 1930, submitted his report or settlement of collections of the 1929 city and school taxes and the credits to which he claimed to be entitled. This settlement was accepted by the vote of the city commissioners. It contained an item "Credit by amount left in books when handed to Mr. Owen, $12,876.09." Owen was his successor in office. The item consisted of $7,441.33 of uncollected taxes due the board of education of Winchester and $5,434.76 due the city.

In April following, McKinney died without having undertaken to exercise the duties of the office after making the report. The tax books had been, and continued to be, in the custody of his successor, who, as he states, voluntarily received payments from the delinquents. He collected school taxes to the amount of $3,-316.81 and made an accounting thereof. The balance left uncollected was $4,124.52.

Nearly three years after the acceptance of McKinney's report, this suit was instituted in behalf of the board of education of Winchester to recover that sum from his estate and the surety on his official bond. Allowing credits for collections subsequent to the filing of the petition, judgment was entered for $3,839.20, with interest.

The statutes provide that the board of councilmen or the board of commissioners as the case may be, of cities of the fourth class, of which Winchester is a member, shall appoint a collector of city taxes. Section

3545, Kentucky Statutes. His duties and powers and the methods of collection are defined in section 3544a-1 et seq. The board of education of the city schools is authorized to make its levy, and, where the school district is coextensive with the city limits, the levy is certified to the board of councilmen, or the board of commissioners, which causes the school taxes to be added to the regular tax bills rendered by the city for city purposes and to be collected by the same officer in the same manner and at the same time as those taxes. The board of education is required to contribute to his compensation. The same powers are conferred upon this officer as upon others occupying similar positions. He and his sureties are responsible for a failure to perform his duties in this respect. Section 3587a-19, Kentucky Statutes.

It is provided in section 3548 that the collector shall five times a year make reports to the school board and council, respectively, and make a complete settlement before each board at its January meeting. In making this report, he is required to produce, among other documents, a list of insolvents and delinquents and to take a prescribed oath in respect thereof. After a hearing, each board allows such credits to the collector "as may be right." Thus far, the statute contemplates separate and distinct action before and by each of the two boards. However, it concludes:

"No credit shall be allowed to the collector on his settlement except actual payments made by him, the amount of exonerations as may be made by the board of councilmen, and the amount allowed on the delinquent lists. After such delinquent list has been accepted by the board of council, the said board shall make such disposition of same, towards securing the collection thereof as it may deem proper."

This is a clear and specific authority in the board of councilmen or, by operation of the alternative form of government, in the board of commissioners, to allow credit for delinquent taxes and to secure their collection as it may deem proper. This centering of authority would seem to be consistent with harmony, for the school board might consider certain taxes delinquent or improperly assessed and the city board might not; or

there might arise a conflict in the methods of collection prescribed by the two boards, thus placing the collector between the horns of a dilemma. This construction of the statute—that it is the duty of the city to cause the collection of delinquent taxes—was indirectly recognized in Allin v. City of Harrodsburg, 247 Ky. 360, 57 S. W. (2d) 45.

In Board of Education of Jackson v. Hatton, 253 Ky. 828, 70 S. W. (2d) 923, 924, involving the accounts of the collector of taxes for the schools of Jackson, also a fourth class city, the collection of 1931 taxes had not been completed, and the school board and collector had not agreed upon a settlement. A settlement was prepared, as set forth in the opinion, in which the collector was allowed credit for the ''face value of books returned.'' This inferentially released the collector from liability therefor and placed the duty of effecting a collection upon another.

In the instant case, although no order was made concerning the collection of the unpaid taxes (which were delinquent only two months), as a matter of fact, the books were retained by McKinney's successor in office, and his right to collect and receive the money was recognized by all parties.

In the circumstances, we are of the opinion that the acceptance of his final settlement by the city board of commissioners and the subsequent action of that board and the board of education had the effect of releasing McKinney and his sureties from further liability on account of his failure to collect the balance of the delinquent taxes.

The judgment is accordingly reversed, with directions to enter another in conformity herewith.