## DeBary *v.* Arthur, Collector.

The act of Congress of July 14, 1870 (16 Stat. 262), imposed on champagne wine a duty of six dollars per dozen bottles (quarts), and three dollars per dozen bottles (pints), and upon each bottle containing it an additional duty of three cents.

Error to the Circuit Court of the United States for the Southern District of New York.

*Mr. Stephen G. Clarke* for the plaintiff in error.

*Mr. Assistant Attorney-General Smith, contra.*

Mr. Justice Hunt delivered the opinion of the court.

The firm of DeBary & Co. sued the collector of the port of New York to obtain the return of an amount of duties which they alleged had been illegally exacted from them. The Circuit Court, holding that the exaction of the duties complained of was legal, rendered judgment for the defendant. The plaintiffs appeal to this court.

The question arises upon the act of Congress of July 14, 1870 (16 Stat. 262).

By sect. 21 of that statute it is enacted as follows: —

"There shall be levied, collected, and paid, the following duties," viz.: —

"On all wines imported in casks, containing not more than twenty-two per centum of alcohol, and valued at not exceeding forty cents per gallon, twenty-five cents per gallon; valued at over forty cents, and not over one dollar per gallon, sixty cents per

gallon; valued at over one dollar per gallon, one dollar per gallon; and, in addition thereto, twenty-five per centum *ad valorem.*

"On wines of all kinds, imported in bottles, and not otherwise herein provided for, the same rate per gallon as wines imported in casks; but all bottles containing one quart, or less than one quart, and more than one pint, shall be held to contain one quart; and all bottles containing one pint or less shall be held to contain one pint, and shall pay, in addition, three cents for each bottle.

"On champagne, and all other sparkling wines, in bottles, six dollars per dozen bottles, containing each not more than one quart, and more than one pint; and three dollars per dozen bottles, containing not more than one pint each, and more than one-half pint; and one dollar and fifty cents per dozen bottles, containing one-half pint each, or less; and, in bottles containing more than one quart each, shall pay, in addition to six dollars per dozen bottles, at the rate of two dollars per gallon on the quantity in excess of one quart per bottle: *Provided,* that any liquors containing more than twenty-two per centum of alcohol, which shall be entered under the name of wine, shall be forfeited to the United States. *And provided further,* that wines, brandy, and other spirituous liquors, imported in bottles, shall be packed in packages containing not less than one dozen bottles in each package; and all such bottles shall pay an additional duty of three cents for each bottle."

The question presented by the record and arising under this statute is, What rate of duty is imposed upon "champagne in bottles"? More specifically, Is the duty of six dollars per dozen bottles imposed upon "champagne in bottles" in this act exhaustive and complete; or did Congress, while enacting a specific rate of duty by the dozen bottles for champagne in bottles, also impose a duty of thirty-six cents for each dozen bottles in addition to the six dollars per dozen specifically named?

The collector of the Port of New York, the defendant in this suit, answered the latter branch of this question in the affirmative. He collected upon the plaintiffs' champagne a duty of six dollars per dozen bottles (quarts), and also collected an additional duty of three cents upon each of the bottles containing the champagne.

In this, we think, he complied with the statute, both in its terms and in its spirit.

1. The language of the statute seems to require this construction. It is proved and conceded that this champagne is wine. The statute imposes duties under three heads: 1. On all wines imported in casks, of the value specified, and containing not more than twenty-two per cent of alchohol. 2. On wines of all kinds imported in bottles, not otherwise herein provided for, the same rate as upon wines imported in casks, and the bottles to pay three cents each in addition. 3. On champagne and other sparkling wines, six dollars per dozen for quart bottles, and other sums specified for smaller bottles.

After making these subjects of taxation, the section puts forth two provisos: 1st, That any liquors entered under the name of wine, containing more than twenty-two per centum of alcohol, shall be forfeited to the United States. This follows immediately after what has been before recited, and applies to all that precedes it. Any liquor entered as wine, which contains more than twenty-two per centum of alcohol, whether it is entered as wine generally, or champagne or sparkling wine, is condemned to the use of the United States. The second proviso is, that packages of wines, brandies, or other spirituous liquors, shall contain not less than one dozen bottles in each package; and all such bottles shall pay an additional duty of three cents for each bottle. Both branches of this proviso include all the liquors that have before been referred to. If still wine, or sparkling wine, brandy, or other spirituous liquors, is imported in bottles, there shall be not less than one dozen bottles in each package. This seems too plain for discussion. The section adds, and in language also embracing every kind of wine, brandy, or other spirituous liquors, that " all such bottles shall pay an additional duty of three cents for each bottle."

2. The tax upon the bottles is not only within the language, but it is also within the spirit and meaning, of the statute. A tax of three cents upon the bottle may seem too trifling to have been intended, where a tax of fifty cents upon the contents has already been imposed. That this is not so is apparent from the effort here made to avoid the tax, as well as from the allegation of the complaint that $5,218.68 has been thus paid by this single firm within a period of three months, — from December, 1872, to February, 1873.

Again : the customs acts from the earliest years of the government impose duties on liquors not only, but on the vessels containing them. This is not confined to any particular kind of liquor. The practice has been general and quite uniform. Act of July 4, 1789, 1 Stat. 25; June 29, 1795, 1 Stat. 411; Aug. 30, 1842, 5 Stat. 553; March 2, 1861, 12 Stat. 180; July 14, 1862, 12 Stat. 544; Feb. 8, 1875, 18 Stat. 307.

We do not see that the case is altered by the fact proved by an expert, that champagne must necessarily be imported in bottles. It is manufactured in bottles; that is to say, the process of fermentation by which the sparkling quality is communicated to the wine takes place, and must take place, after the wine is put into the bottle, and it cannot be removed from the bottle without practically destroying it. There is no reason to suppose that Congress was influenced in the least by a consideration whether a particular kind of wine could be imported in the cask, or must come in bottles. Champagne is a beverage singularly grateful to the taste, and is indulged in by those who are supposed to be able and willing to pay the tax upon it. It is an article of high luxury, and, upon the soundest principles of economy, should pay a high tax, that articles of necessity may, if possible, go untaxed. It is not strange, therefore, that in an act entitled an act to reduce internal taxation, and when the annual duties were reduced by many millions, the duty on champagne, and the packages in which it is imported, was retained at its height.

Differing from the former acts, this act provides that all wines imported in casks shall pay a prescribed duty upon the quantity, and also an *ad valorem* duty; while all wines in bottle pay a duty on the quantity and on the bottle.

We cannot recognize the argument that Congress, knowing that champagne, when imported, must come in bottles, considered the bottle a component part of the article, and no more intended its taxation than the cask in which brandy is imported. If Congress had used such language as declared an imposition of six dollars on a dozen bottles of champagne and then stopped, there might have been plausibility in the comparison. But when it imposes a duty " on brandy and other spirits manufactured from grain, of two dollars per gallon,"

and then stops, but taxes champagne in bottles, and declares in words that each bottle shall also be taxed, the argument is at an end. The authorities cited on this branch of the case are all within the principles we have laid down. We find nothing in them in conflict with these positions.

Nor do we attach importance to the manner in which the paragraph of the statute we are considering is divided. Wines, and apparently the entire class of wines, is the subject of this paragraph. Whiskey of domestic manufacture, spirituous liquors of whatever character, imported from other countries, are elsewhere taxed. Here Congress was giving its attention to the subject of wines. It intended to include as subjects of taxation wine of every character, and whether imported in casks or bottles. Duties were imposed upon it in each form as prescribed, unless it contained more than twenty-two per centum of alcohol, in which case it was declared to be forfeited. Whether the provision for taxing the bottle should be found in one place or another, we do not consider very material. Is it there, is the question. We find the duty on the bottle plainly laid in two different parts of the paragraph, and we are all of the opinion that it applies to champagne as well as to other wines.                                   *Judgment affirmed.*