UNITED STATES *v.* VIGNIER *et al.* (No. 172).[1]

SHORTAGE OF LIQUORS IN BOTTLES OR JUGS.

From the evidence it is concluded the cases containing the liquors were packed at exportation with not less than a dozen bottles each, conforming so to the legal requirements as to packing, and it is further concluded that the shortage appearing was attributable to theft before importation. No allowance may be made for break-age, leakage, or damage in bottle shipments, but this punitive provision of para-graph 296, tariff act of 1897, is not to be enlarged beyond its express terms. Such losses as might be allowed for in bulk shipments would be allowable for in bottle shipments, and a shortage in bottles, as here, that was due to theft, was properly held to be nondutiable.—De Bary *v.* Arthur (93 U. S., 420) distinguished.

United States Court of Customs Appeals, April 1, 1912.

TRANSFERRED from United States Circuit Court for Northern District of California, G. A. 6944 (T. D. 30160).

[Affirmed.]

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb* on the brief), or the United States.
*Stanley Jackson* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

This case arose under the tariff act of 1897, and relates to certain cases of bottled wines and other spirituous liquors which were imported into this country from France.

The appraiser found that some of the cases contained less than a dozen bottles each. The collector nevertheless assessed each case as if it contained a full dozen bottles, taking this action because of the provision in paragraph 296, that such liquors shall be packed in packages containing not less than one dozen bottles in each package, or that duty shall be paid as if such package contained at least one dozen bottles.

The importers duly filed their protest and contended that the liquors, at exportation, were packed in packages containing not less than a dozen bottles in each package, in accordance with the forego-ing provision, and that *in transitu* some of the bottles were stolen from their cases, and the contents thereof were thus reduced below a dozen bottles. The importers contended in that behalf that in such case the cited proviso did not apply, and that the cases should be assessed upon their actual remaining contents only.

This protest was heard by the Board of General Appraisers and was sustained. The Government thereupon appealed the case to the Circuit Court, Northern District of California, from which court the case was transferred to this court under the present act.

---

[1] Reported in T. D. 32380 (22 Treas. Dec., 560).

The following is a copy of the pertinent part of paragraph 296 of the act of 1897:

296. * * * *And provided further,* That there shall be no constructive or other allowance for breakage, leakage, or damage on wines, liquors, cordials, or distilled spirits. Wines, cordials, brandy, and other spirituous liquors, including bitters of all kinds, and bay rum or bay water, imported in bottles or jugs, shall be packed in packages containing not less than one dozen bottles or jugs in each package, or duty shall be paid as if such package contained at least one dozen bottles or jugs, and in addition thereto, duty shall be collected on the bottles or jugs at the rates which would be chargeable thereon if imported empty. * * *

It is agreed that some of the imported cases contained less than a dozen bottles each. The importers aver, as above stated, that the cases were all duly packed at exportation with not less than a dozen bottles each, and that *in transitu* some of the cases were reduced by theft to less than that number. They claim that such cases should therefore be assessed upon their actual contents only.

The Government, upon the one hand, denies that the cases in question were thus packed at exportation, and that their inclosures were reduced *in transitu* by theft; and, upon the other hand, the Government contends that even upon such an assumption the proviso of paragraph 296 would apply, and the cases be severally dutiable as if containing a full dozen bottles each.

The first question therefore relates to the facts. The invoice and entry state that each package contained not less than a dozen bottles. The appraiser reported that certain bottles were missing, and that there was one case with 11 bottles out. Neither the appraiser nor the collector specifically denied that the cases had at exportation been packed with not less than a dozen bottles each. On the contrary, they impliedly found such to be the fact, as appears by the statement that certain of the bottles were "missing," and that there was "one case with 11 bottles out." There was no report made of breakage or leakage; if some of the bottles had been broken or emptied by leakage they would not have been reported as missing, but their condition would doubtless have been distinctly stated. If the cases were such as would not contain, or apparently had not contained, a dozen bottles each, the statement would not have been made that the short bottles were "missing," and that there was "one case with 11 bottles out." These expressions reasonably lead to the conclusion that upon inspection the officers found that the cases had contained not less than a dozen bottles each, but that some of the bottles had been surreptitiously removed. This conclusion is confirmed by the collector's report, that the assessment was made upon authority of the department's ruling published as T. D. 29147. That reference makes it clear that the assessment was made upon the theory that the cases were liable to duty as if each contained one dozen bottles, even if they

had at exportation contained not less than a dozen bottles each, and their contents *in transitu* had been reduced below that number by theft.

The court therefore concludes that the cases were packed at exportation with not less than a dozen bottles each, some of which were stolen therefrom before importation.

In coming to decide the question of law which remains in the case the court is again impressed with the contention of the importers.

The general rule relating to deficiencies in importations is declared by section 2921, Revised Statutes, in the following terms:

> 2921. If, on the opening of any package, a deficiency of any article shall be found, on examination by the appraisers, the same shall be certified to the collector on the invoice, and an allowance for the same be made in estimating the duties.

For many years in the history of tariff legislation this rule applied to importations of spirituous liquors in like measure with other articles. However, in the act of March 3, 1883, it was enacted that "there shall be no allowance for breakage, leakage, or damage on wines, liquors, cordials, or distilled spirits." This special exception to the general rule relating to deficiencies has appeared in similar language in every revision of the tariff since that time. It will be observed that deficiencies in importations of spirituous liquors are not to be allowed if they result from breakage, leakage, or damage. If, however, such deficiencies result from theft, they are not covered by the exception, but remain within the general rule permitting allowances. This ruling appears in several decisions of the Board of General Appraisers, and the present tariff act continues the proviso in the same language, with those decisions reported to Congress in Notes on Tariff Revision. The provision under review in this case, however, is in the act of 1897, and the foregoing statement of the law is made without regard to this subsequent authority.

The general provision regarding deficiencies, and the exception thereto relating to spirituous liquors, would therefore permit an allowance to the importers for the bottles stolen *in transitu*, unless that is forbidden by the provision relating to the packing of such importations. That provision is, of course, the one relied upon by the Government in this case.

The provision in question first appeared in tariff legislation as part of the act of July 14, 1870. It was therein provided "that wines, brandy, and other spirituous liquors imported in bottles shall be packed in packages containing not less than one dozen bottles in each package." But there was no penalty denounced upon a violation of this requirement.

In the tariff act of March 3, 1883, the same provision, again without penalty, appeared in juxtaposition with the newly enacted proviso that no allowance shall be made for breakage, leakage, or damage on wines, liquors, cordials, or distilled spirits. In the tariff revision of

October 1, 1890, these two provisions, coupled under the same heading, again appeared in the same language.

In the tariff revision of August 27, 1894, for the first time the provision appeared substantially in the same language as in the act of 1897, that is, in addition to the requirement that bottled liquors shall be packed in packages of not less than a dozen bottles in each package, the penalty is provided that in case of violation of that requirement duty shall be paid as if such package contained at least one dozen bottles.

A comparison of these three provisions of the law, namely, the general rule relating to deficiencies, the specific exceptions applicable to spirituous liquors, and the requirement as to packing, considered in the light of the foregoing facts, inclines the court to the conclusion that the latter provision was intended to prescribe a method of packing the articles at exportation, and to fix a penalty for the violation thereof. An importation of bottled liquors may properly be said to be packed a dozen to a box, if each box contains that number of bottles when it is closed and consigned for exportation. It does not lose that character because individual bottles are stolen from some of the cases *in transitu.* The method of packing would nevertheless remain the same; and in such case it could correctly be said that the goods were packed a dozen to a box. That would be a true invoice statement of such a shipment, even if individual packages were rifled *in transitu.*

By such a construction deficiencies in such importations would continue to be governed by the kindred provision which relates directly to that subject. No allowance would be made because of breakage, leakage, or damage; but such losses as were allowable in bulk shipments would remain allowable in bottle shipments. The penalty prescribed for a failure to pack the cases with at least a dozen bottles each would not apply where the importer had properly packed the articles at exportation in bona fide obedience to the requirements of the act; and the punitive provision of the paragraph would not be enlarged by construction beyond its plain terms.

The attention of the court has been called to the case of De Bary *v.* Arthur (93 U. S., 420, 422). In that case the following statement appears as part of the opinion:

If still wine, or sparkling wine, is imported in bottles, there shall be not less than 1 dozen bottles in each package. This seems too plain for discussion.

Standing alone this statement appears to be in conflict with the foregoing conclusion. But a reading of the entire opinion shows that this apparent conflict is in the letter only, for the court was there concerned with a question wholly unlike the one at bar, and could not have intended to decide an issue which was not before it.

The decision of the board sustaining the importers' protest is *affirmed.*